# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### October 3, 2012 Session

## WALTON CUNNINGHAM ET AL. v. WILLIAMSON CNTY. HOSP. DIST. d/b/a WILLIAMSON MED. CTR. ET AL.

**Appeal by Permission from the Court of Appeals, Middle Section**
**Circuit Court for Williamson County**
**No. 2010119      James G. Martin III, Judge**

---

**No. M2011-00554-SC-S09-CV -Filed May 9, 2013**

---

A husband and wife filed a claim against a county hospital alleging that the negligence of the hospital and its employees caused the death of their son. The claim was filed approximately fifteen months after their son's death in accordance with the provisions of the Tennessee Medical Malpractice Act. See Tenn. Code Ann. § 29-26-121 (2012). The county hospital, a governmental entity, filed a motion to dismiss, arguing that the claim was filed outside the one-year statute of limitations of the Governmental Tort Liability Act ("GTLA"). Tenn. Code Ann. § 29-20-305(b) (2012). The couple responded that their complaint was timely filed because Tennessee Code Annotated section 29-26-121(c) extended the GTLA statute of limitations by 120 days. The trial court denied the hospital's motion to dismiss but granted an interlocutory appeal under Rule 9 of the Tennessee Rules of Appellate Procedure. The Court of Appeals granted the Rule 9 application and affirmed the trial court's denial of the hospital's motion to dismiss. We granted the hospital permission to appeal. We hold that the 120-day extension provided by Tennessee Code Annotated section 29-26-121(c) does not apply to the plaintiffs' claim brought under the GTLA. We therefore reverse the judgment of the trial court denying the hospital's motion to dismiss and remand the case to the trial court for entry of an order dismissing Mr. and Mrs. Cunningham's complaint.

**Tenn. R. App. P. 9; Judgment of the Court of Appeals Reversed**

JANICE M. HOLDER, J., delivered the opinion of the Court, in which GARY R. WADE, C.J., and CORNELIA A. CLARK, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Bryan Essary and James Charles Sperring, Nashville, Tennessee, for the appellants, Williamson Co. Hospital District d/b/a Williamson Medical Center, Karen Christopher, Charla Atkins, Camela McCullough, and Cary Ralph.

Elizabeth Sara Tipping, Johnathan H. Wardle, and Philip Norman Elbert, Nashville, Tennessee, for the appellees, Walton Cunningham and Phyllis Cunningham.

Arthur P. Brock and William J. Rieder, Chattanooga, Tennessee, for the Amicus Curiae, Chattanooga-Hamilton County Hospital Authority.

**OPINION**

I. Facts and Procedural History

Walton and Phyllis Cunningham's son, Phillip, was admitted to Williamson Medical Center on November 14, 2008, for treatment of abdominal discomfort. Phillip died on November 25, 2008, following respiratory complications.

On November 14 and 16, 2009, prior to filing a complaint, Mr. and Mrs. Cunningham provided Williamson Medical Center, three nurses, two certified nurse technicians, and a licensed practical nurse ("Defendants") with pre-suit notice as provided by Tennessee Code Annotated section 29-26-121 (Supp. 2010). The pre-suit notice informed Defendants that Mr. and Mrs. Cunningham "were asserting potential claims for medical malpractice" against Defendants.

On March 12, 2010, Mr. and Mrs. Cunningham filed a complaint against Defendants in the Circuit Court for Williamson County. The complaint alleged that Defendants had been negligent in their treatment of Phillip Cunningham and that this negligence caused his death. Mr. and Mrs. Cunningham also filed a certificate of good faith with their complaint as required by Tennessee Code Annotated section 29-26-122 (Supp. 2010).

As a governmental entity, Williamson Medical Center is subject to the provisions of the Governmental Tort Liability Act ("GTLA"). See Tenn. Code Ann. §§ 29-20-101 to -408 (2012). Defendants filed a motion to dismiss Mr. and Mrs. Cunningham's complaint, in which they asserted that the complaint was filed outside the one-year statute of limitations of the GTLA. Tenn. Code Ann. § 29-20-305(b) (2012). Mr. and Mrs. Cunningham responded that their complaint was timely filed because Tennessee Code Annotated section 29-26-121(c) extended the GTLA statute of limitations 120 days with the filing of the pre-suit notice. The trial court denied Defendants' motion to dismiss but granted an interlocutory appeal under Rule 9 of the Tennessee Rules of Appellate Procedure. The Court of Appeals granted Defendants' Rule 9 application and affirmed the trial court's denial of Defendants' motion to dismiss. Cunningham v. Williamson Cnty. Hosp. Dist., No. M2011-00554-COA-R9-CV, 2011 WL 6000379, at *6 (Tenn. Ct. App. Nov. 30, 2011). We granted Defendants permission to appeal.

## II. Analysis

At issue in this case is the interplay between the GTLA and Tennessee Code Annotated section 29-26-121. We are asked to determine whether Tennessee Code Annotated section 29-26-121(c) operates to extend the statute of limitations by an additional 120 days in Mr. and Mrs. Cunningham's case, which is governed by the GTLA.

This Court reviews issues of statutory construction de novo with no presumption of correctness given to the lower court decisions. Mills v. Fulmarque, Inc., 360 S.W.3d 362, 366 (Tenn. 2012). We must determine the legislature's intent and purpose by reading the words of the statutes using their plain and ordinary meaning in the context in which the words appear. Lee Med., Inc. v. Beecher, 312 S.W.3d 515, 526 (Tenn. 2010). When the language of a statute is clear and unambiguous, courts will not look beyond the plain language of the statute to determine its meaning. Lee Med., 312 S.W.3d at 527.

Both statutory provisions at issue in this case contain clear and unambiguous language. The GTLA provides general immunity to governmental entities causing injury to an individual during the exercise or discharge of their duties. Tenn. Code Ann. § 29-20-201(a) (2012). Immunity is removed, however, when injuries are caused by the negligence of government employees acting within the scope of their employment. Tenn. Code Ann. § 29-20-205 (2012). Because waiver of immunity is in derogation of the common law, any claim for damages brought under the GTLA must be "in strict compliance with the terms" of the statute. Tenn. Code Ann. § 29-20-201(c); Doyle v. Frost, 49 S.W.3d 853, 858 (Tenn. 2001). Accordingly, the GTLA statute of limitations, which provides that suits against a governmental entity "must be commenced within twelve (12) months after the cause of action arises," requires strict compliance. Tenn. Code Ann. § 29-20-305(b).

The second statute at issue in this case is Tennessee Code Annotated section 29-26-121, which is part of the Tennessee Medical Malpractice Review Board and Claims Act ("Medical Malpractice Act").[1] Tenn. Code. Ann. §§ 29-26-115 to -122 (2000 & Supp. 2010). Section 121(a) requires any person asserting a potential medical malpractice claim to provide notice to each health care provider at least sixty days before filing a complaint. Tenn. Code Ann. § 29-26-121(a). When the sixty-day notice is provided, the "applicable statutes of limitations and repose shall be extended [120 days] from the date of expiration of

---

[1] In 2012, Tennessee Code Annotated sections 29-26-115 to -122 and section -202 of the Medical Malpractice Act were amended to replace "medical malpractice" with "health care liability." Act of Apr. 23, 2012, ch. 798, sections 7 to 15, §§ 29-26-115 to -122, & -202, 2012 Tenn. Code Ann. Adv. Legis. Serv. 274, 274-75 (LexisNexis) (relative to health care liability). Because the term "medical malpractice" was used in the statutes at the time of this action, we will continue to use it throughout this opinion.

the statute of limitations and statute of repose applicable to that provider." Tenn. Code Ann. § 29-26-121(c).

In construing the statutes at issue in this case, we must presume that the General Assembly intended each word in a statute to have a specific purpose and meaning. State v. Hawk, 170 S.W.3d 547, 551 (Tenn. 2005). We also presume that the General Assembly was aware of the state of the law when the statutes were enacted and that it did not intend to enact a useless statute. Lee Med., 312 S.W.3d at 527.

With our rules of statutory construction in mind, we now turn to the task of construing the provisions at issue in this case. The GTLA and Tennessee Code Annotated section 29-26-121 both address the time period during which claims must be filed. The GTLA requires suits against governmental entities "be commenced within twelve (12) months after the cause of action arises." Tenn. Code Ann. § 29-20-305(b). Tennessee Code Annotated section 29-26-121, however, provides in pertinent part:

> (a) Any person, or that person's authorized agent, asserting a potential claim for medical malpractice shall give written notice of the potential claim to each health care provider who will be a named defendant at least sixty (60) days before the filing of a complaint based upon medical malpractice in any court of this state.
> . . . .
> (c) When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider . . . . In no event shall this section operate to shorten or otherwise extend the statutes of limitations or repose applicable to any action asserting a claim for health care liability, nor shall more than one (1) extension be applicable to any provider.

The 2009 amendment to the Medical Malpractice Act extends the "applicable statute[] of limitations" 120 days as long as pre-suit notice is provided to the potential defendants sixty days before the filing of the complaint. Tenn. Code Ann. § 29-26-121(c). This 2009 amendment applies "to notice given on or after July 1, 2009, in all medical malpractice actions." Act of June 4, 2009, ch. 425, § 4, 2009 Tenn. Pub. Acts 472, 475. We must determine if this language is sufficient to apply to Mr. and Mrs. Cunningham's medical malpractice claim brought under the GTLA.

Although the interplay between the GTLA statute of limitations and Tennessee Code Annotated section 29-26-121 is an issue of first impression in this Court, we have previously

-4-

examined asserted conflicts between provisions of the GTLA and other rules or statutes of general application. In Lucius v. City of Memphis, 925 S.W.2d 522, 526 (Tenn. 1996), we examined a statute governing post-judgment interest and held that this statute of general application did not preclude the assessment of post-judgment interest against governmental entities subject to the GTLA. Because the GTLA did not address post-judgment interest, the post-judgment interest statute did not conflict with specific provisions of the GTLA, its structure, purpose, or intent. Lucius, 925 S.W.2d at 526.

Similarly, in Doyle v. Frost, we held that the GTLA statute of limitations did not preclude the application of Tennessee Rule of Civil Procedure 15.03, which allows the addition of a party to relate back to the original filing date after the statute of limitations has run. Doyle, 49 S.W.3d at 858. We rejected the argument that allowing an amendment to relate back to the original filing date extended the GTLA statute of limitations. Id. The purpose of the statute of limitations is to prevent stale claims and to provide defendants with notice so they may preserve their evidence. Id. at 859. We concluded that Rule 15.03 did not conflict with the statute of limitations provision of the GTLA or "compromise the protections afforded by" the GTLA statute of limitations. Id. at 860.

In other cases, we have held that if statutes of general application that conflict with a provision of the GTLA are sought to be applied to GTLA cases, the intent of the General Assembly must be expressly stated in the text of the statutory provision. See Lynn v. City of Jackson, 63 S.W.3d 332, 337 (Tenn. 2001) (citing Auto. Sales Co. v. Johnson, 122 S.W.2d 453, 455-56 (Tenn. 1938)). In Lynn v. City of Jackson, we declared a general savings statute inapplicable to GTLA claims because the general savings statute did not contain specific language requiring an extension of the GTLA statute of limitations. Lynn, 63 S.W.3d at 337. In the absence of specific statutory language permitting extension of the GTLA statute of limitations, we have held that statutory provisions inconsistent with the GTLA may not extend the applicable statute of limitations period. See Lynn, 63 S.W.3d at 337 (citing Auto. Sales Co., 122 S.W.2d at 455-56).

Tennessee Code Annotated section 29-26-121(c) contains language similar to the statutory provision at issue in Lynn v. Jackson. The statute at issue in Lynn read: "Notwithstanding any applicable statute of limitation to the contrary, any party filing an action in a federal court that is subsequently dismissed for lack of jurisdiction shall have one (1) year from the date of such dismissal to timely file such action in the appropriate state court." Lynn, 63 S.W.3d at 337-38 (citing Tenn. Code Ann. § 28-1-115). We held that "the general rule in Tennessee is that savings statutes may not be applied to extend the period within which an action must be filed under the GTLA." Lynn, 63 S.W.3d at 337.

Like the general statutory provision in Lynn, section 29-26-121(c) is inconsistent with the statute of limitations provided by the GTLA and therefore must expressly state the legislature's intent to apply the provision to cases brought under the GTLA. Although the 2009 amendment to the Medical Malpractice Act "applies to all medical malpractice actions," this language does not reference the applicability of the Medical Malpractice Act to actions governed by the GTLA.[2] The language of section 29-26-121(c) fails to evince an express legislative intent to extend the statute of limitations in GTLA cases.

We must presume that the General Assembly was aware of our prior decisions at the time it enacted the 2008 and 2009 amendments to the Medical Malpractice Act. See Lee Med., 312 S.W.3d at 526. In light of this presumption, it is reasonable to conclude that by choosing not to use express language applying Tennessee Code Annotated section 29-26-121(c) to cases governed by the GTLA, the legislature did not intend to apply the 120-day extension to the GTLA statute of limitations.

Mr. and Mrs. Cunningham contend that if the 120-day extension of section 29-26-121(c) is inapplicable to GTLA claims, the statute of limitations for medical malpractice actions brought under the GTLA will effectively be shortened by two months because of the requirement of the sixty-day pre-suit notice. This contention presumes that the sixty-day notice is required in GTLA cases.[3] We disagree that the sixty-day pre-suit notice requirement, if applicable, would shorten the statute of limitations. A statute of limitations establishes the deadline for commencing a suit. Tenn. R. Civ. P. 3. The twelve-month deadline of the GTLA remains the same irrespective of the sixty-day pre-suit notice

---

[2] The General Assembly amended the Medical Malpractice Act in 2011 to modify the definition of "health care liability action" to include "claims against the state or a political subdivision thereof." Act of May 20, 2011, ch. 510, § 8, 2011 Tenn. Pub. Acts. 510, 1506 (codified as amended at Tenn. Code Ann. § 29-26-101(a) (2012)). The 2011 amendment became effective on October 1, 2011, after Mr. and Mrs. Cunningham filed their claim. Act of May 20, 2011, ch. 510, § 24, 2011 Tenn. Pub. Acts. 510, 1514. The 2011 amendment does not apply retroactively in this case. See In re D.A.H., 142 S.W.3d 267, 273-74 (Tenn. 2004) (explaining that all statutes are presumed to apply prospectively unless otherwise stated but procedural or remedial statutes that do not affect vested rights may apply retrospectively). Because the 2011 amendment is not at issue in this case, we will await a more appropriate case in which to determine whether the language of the 2011 amendment clearly expresses a legislative intent to extend the statute of limitations in GTLA cases.

[3] Neither party has addressed the issue of the applicability of the sixty-day notice requirement in cases governed by the GTLA. Although we have previously held that failure to comply with the sixty-day pre-suit notice requirement of section 29-26-121(a) may result in dismissal of the medical malpractice claim absent a showing of extraordinary cause, we have not previously addressed whether the sixty-day pre-suit notice is required in GTLA cases. Tenn. Code Ann. § 29-26-121(b); Myers v. AMISUB (SFH), Inc., 382 S.W.3d 300, 311-12 (Tenn. 2012).

requirement. The pre-suit notice provision establishes a deadline for giving notice of the suit but does not affect the deadline for commencing the suit.

We conclude that the 120-day extension provided by Tennessee Code Annotated section 29-26-121(c) does not apply to Mr. and Mrs. Cunningham's medical malpractice action brought under the GTLA. Although Mr. and Mrs. Cunningham filed their pre-suit notice on November 14 and 16, 2009, the twelve-month statute of limitations provided by the GTLA expired on November 25, 2009. Mr. and Mrs. Cunningham filed their claim on March 12, 2010, outside the twelve-month GTLA statute of limitations. Mr. and Mrs. Cunningham's claim was therefore untimely and must be dismissed.

### III. Conclusion

We reverse the judgment of the trial court denying Williamson County Hospital District's motion to dismiss. The case is remanded to the trial court for entry of an order dismissing Mr. and Mrs. Cunningham's complaint. Costs of this appeal are taxed to Walton and Phyllis Cunningham, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE