# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### May 14, 2013 Session

## LARRY SNEED v. THE CITY OF RED BANK, TENNESSEE A MUNICIPALITY

**Appeal from the Circuit Court for Hamilton County**
**No. 12C1164     Hon. Jeffrey M. Atherton, Chancellor[1]**

**No. E2012-02112-COA-R9-CV-FILED-JUNE 27, 2013**

After his discharge as the Chief of Police for Red Bank, Tennessee, Larry Sneed filed suit against Red Bank pursuant to the Tennessee Human Rights Act and the Tennessee Public Protection Act.[2] He requested a jury trial on both claims. Red Bank filed a motion to transfer to circuit court and to proceed without a jury pursuant to the Tennessee Governmental Tort Liability Act. The trial court transferred the case and ordered the case to proceed without a jury on the Tennessee Public Protection Act claim. Relying on *University of Tennessee of Chattanooga v. Farrow*, E2000-02386-COA-R9-CV, 2001 WL 935467 (Tenn. Ct. App. Aug. 16, 2001), the court held that the Tennessee Governmental Tort Liability Act did not preclude a jury trial on the remaining claim. Red Bank pursued this interlocutory appeal. We reverse the decision of the trial court and hold that the Tennessee Governmental Tort Liability Act applies to claims brought against a municipality pursuant to the Tennessee Human Rights Act; therefore, that claim must also be tried without a jury.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Reversed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and THOMAS R. FRIERSON, II, J., joined.

Nathan D. Rowell, Dan. R. Pilkington, and Brian R. Bibb, Knoxville, Tennessee, for the appellant, the City of Red Bank, Tennessee, a municipality.

---

[1]Sitting by interchange.

[2]Several claims and defendants were dismissed from the suit prior to the filing of this interlocutory appeal.

R. Jonathan Guthrie, McKinley S. Lundy, Jr., C. Leland Davis, and Bryan H. Hoss, Chattanooga, Tennessee, for the appellee, Larry Sneed.

## OPINION

## I. BACKGROUND

The facts of this case are clear and not in dispute for purposes of this interlocutory appeal. On July 2, 2010, Larry Sneed was discharged from his position as Chief of Police for Red Bank, Tennessee. Mr. Sneed filed suit against numerous city officials and Red Bank, alleging violations of common law and statutory provisions. Mr. Sneed requested a jury trial. As the case progressed, Mr. Sneed's complaint was reduced to two specific claims, wrongful discharge in violation of the Tennessee Public Protection Act ("TPPA") and age discrimination in violation of the Tennessee Human Rights Act ("THRA"), against one defendant, Red Bank. Prior to trial, Red Bank filed a motion to transfer the case from chancery to circuit court and requested that the case be tried without the intervention of a jury pursuant to the Tennessee Governmental Tort Liability Act ("GTLA").

The court granted Red Bank's request to transfer the case and to proceed without a jury on the TPPA claim but upheld Mr. Sneed's jury request as it pertained to the THRA claim. The court reasoned that the issue presented in the TPPA claim was answered by *Young v. Davis*, E2008-01974-COA-R3-CV, 2009 WL 3518162 (Tenn. Ct. App. Oct. 30, 2009). In *Young*, this court held that TPPA claims must comply with the terms of the GTLA, which requires claims to be tried in circuit court without a jury. 2009 WL 3518162 at *6-7. However, the court alternatively found that the issue presented in the THRA claim was answered by *Farrow*. In *Farrow*, this court held that a THRA claim against a governmental entity may be tried by a jury. 2001 WL 935467, at *6. Having transferred the TPPA claim to circuit court, the trial court also transferred the THRA claim for ease of the resolution of the case. This permissive interlocutory appeal followed.

## II. ISSUE

We consolidate and restate the issues raised on appeal as follows:

Whether the GTLA applies to claims brought against a municipality pursuant to the THRA.

## III. STANDARD OF REVIEW

The issue raised in this interlocutory appeal is a question of law, which we must review de novo with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

## IV. DISCUSSION

"In 1973, the General Assembly enacted [the GTLA] to codify the general common law rule that 'all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities.'" *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 79 (Tenn. 2001) (quoting Tenn. Code Ann. § 29-20-201(a)). Passage of the GTLA constituted "an act of grace through which the legislature provided general immunity to governmental entities from tort liability but removed it in certain limited and specified instances." *Kirby v. Macon Cnty.*, 892 S.W.2d 403, 406 (Tenn. 1994). The certain limited and specified instances are as follows:

> [1] Immunity from suit of all governmental entities is removed for injuries resulting from the negligent operation by any employee of a motor vehicle or other equipment while in the scope of employment.
>
> [2] Immunity from suit of a governmental entity is removed for any injury caused by a defective, unsafe, or dangerous condition of any street, alley, sidewalk or highway, owned and controlled by such governmental entity. "Street" or "highway" includes traffic control devices thereon.
>
> [3] Immunity from suit of a governmental entity is removed for any injury caused by the dangerous or defective condition of any public building, structure, dam, reservoir or other public improvement owned and controlled by such governmental entity.
>
> [4] Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of [certain specific conditions].

Tenn. Code Ann. §§ 29-20-202(a), -203(a), -204(a), -205. The GTLA provides the circuit court with "original exclusive jurisdiction" to hear any claim brought pursuant to the act without the intervention of a jury. Tenn. Code Ann. § 29-20-307.

For claims not falling within the certain limited and specified instances provided for in the GTLA, the General Assembly created subsequent acts to further remove governmental immunity. While some acts were specific to governmental entities, others simply included governmental entities as possible defendants. The THRA, codified in 1978 at Tennessee Code Annotated section 4-21-101, et seq., was one such unspecific act that applied to governmental entities as well as private citizens.

The THRA protects employees from adverse employment decisions based upon an employee's "race, creed, color, religion, sex, age, or national origin." Tenn. Code Ann. § 4-21-101. The THRA is specifically applicable to private employers with eight or more employees *and* to "the state, or any political or civil subdivision thereof." Tenn. Code Ann. § 4-21-102(5). An aggrieved individual may file a complaint against his or her governmental or non-governmental employer with the Tennessee Human Rights Commission or with the circuit or chancery courts of this state. Tenn. Code Ann. §§ 4-21-302, -311. Unlike the GTLA, "[t]he THRA neither expressly provides for or excludes the right to a trial by jury." *Farrow*, 2001 WL 935467, at *5.

At issue here is whether a THRA claim brought against a municipality, a governmental entity, is limited by the terms and provisions of the GTLA. Mr. Sneed urges this court to hold that THRA claims are not limited by the GTLA in accordance with the holding in *Farrow*. Mr. Sneed reasons that in *Farrow*, this court impliedly held that the terms and provisions of the GTLA are inapplicable to THRA claims because this court allowed the case to proceed with a jury when the GTLA specifically provides for non-jury trials. 2001 WL 935467, at *6. However, the interplay of the GTLA and the THRA was never specifically addressed in *Farrow*.

Red Bank urges us to reverse the decision of the trial court in consideration of the Supreme Court's recent decision in *Cunningham v. Williamson County Hospital District*, No. M2011-00554-SC-S09-CV, 2013 WL 1912611 (Tenn. May 9, 2013). The issue before the court in *Cunningham* was "the interplay between the GTLA and Tennessee Code Annotated section 29-26-121," the Tennessee Medical Malpractice Act ("TMMA"). 2013 WL 1912611, at *2. In *Cunningham*, a husband and wife filed a claim against the county hospital, a governmental entity, for negligence in the care and treatment of their son. *Id.* at *1. Pursuant to the TMMA, they filed their claim within 1 year and 120 days of their son's death. *Id.* The county hospital filed a motion to dismiss, asserting that the claim was untimely because it had not been filed within the one-year statute of limitations provided for in the GTLA. *Id.* The Court conducted a review of cases involving the interplay of the GTLA and rules and statutes of general application before ordering the trial court to dismiss the complaint. *Id.* at *3-4. The Court acknowledged that it had denied the applicability of statutes of general application that conflicted with the GTLA unless the General Assembly

-4-

specifically provided for its application in such cases. *Id.* at *4. In contrast, the Court noted that it had upheld the applicability of statutes of general application that "did not conflict with specific provisions of the GTLA, its structure, purpose, or intent." *Id.* at *3. Turning to the issue at hand in *Cunningham*, the Court ultimately held that the statute of limitations provision in the TMMA was "inconsistent with the statute of limitations provided by the GTLA and therefore must expressly state the legislature's intent to apply the provision to cases brought under the GTLA." *Id.* at *4. In so holding, the Court acknowledged that the TMMA had been amended "in 2011 to modify the definition of 'health care liability action' to include 'claims against the state or a political subdivision thereof.'" *Id.* at *4, n. 4. The Court continued,

> Because the 2011 amendment is not at issue in this case, we will await a more appropriate case in which to determine whether the language of the 2011 amendment clearly expresses a legislative intent to extend the statute of limitations in GTLA cases.

*Id.*

In slightly different terms, this case presents the issue that the Supreme Court anticipated following the 2011 amendment of the TMMA. Prior to 2011, the General Assembly had not created a private right of action against governmental entities for medical malpractice. Plaintiffs filing medical malpractice claims against governmental entities looked to the TMMA for guidance but filed his or her claim pursuant to one of the four GTLA negligence categories. Unlike the plaintiffs in *Cunningham*, Mr. Sneed filed his case pursuant to the THRA and TPPA because his claims would not fit into one of the four specified GTLA negligence categories. Mr. Sneed argues that because his THRA claim was "brought under" the THRA, not the GTLA, his claim should not be governed by the GTLA.

In *Young*, this court considered a similar question as it related to a TPPA claim. The court was asked to decide whether TPPA claims must be tried in circuit court pursuant to the GTLA or whether such claims could be tried in chancery court pursuant to the TPPA. *Young*, 2009 WL 3518162, at *6-7. This court ultimately concluded that a TPPA claim must be tried in circuit court in accordance with the GTLA because all such claims must be brought in compliance with the GTLA. *Id.* Mr. Sneed argues that his case is distinguishable from *Young* because the court in *Young* merely considered a question of venue for a TPPA claim. Like the TPPA and the newly amended TMMA, the THRA is an act that created a private right of action against governmental entities *and* private citizens. Tenn. Code Ann. § 4-21-101. It stands to reason that such acts would generally govern the way in which claims must be brought and tried, regardless of whether the defendant was a governmental entity or a private citizen. However, differentiating between a governmental entity and a

private citizen is appropriate and necessary because the application of general provisions contained in an act to private citizens does not implicate the doctrine of sovereign immunity, whereas applying the same provisions to governmental entities has different implications. *See generally Whitmore v. Shelby Cnty. Govt.*, No. W2010-01890-COA-R3-CV, 2011 WL 3558285, at *7 (Tenn. Ct. App. Aug. 15, 2011) (holding that state entities could not use the saving statute to re-file a THRA claim).

While the GTLA created private rights of action against governmental entities, it was also the groundbreaking act that statutorily removed general common law sovereign immunity. As such, we conclude that it is still generally applicable to suits against governmental entities unless the act at issue specifically provides otherwise or is only applicable to governmental entities and provides its own remedy. *See generally Cruse v. City of Columbia*, 922 S.W.2d 492, 496-97 (Tenn. 1996) (holding the GTLA inapplicable when the suit was filed pursuant to an independent statute only applicable to government entities). As relevant to this case, the GTLA provides that suits must be brought in circuit court without the intervention of a jury. Tenn. Code Ann. § 29-20-307. In contrast, the THRA provides for suits to be brought in either chancery or circuit court but is silent as to whether claims must be tried with or without the intervention of a jury. Tenn. Code Ann. § 4-21-311. The THRA is also silent as to whether the choice of venue provision specifically applies to claims against governmental entities in contravention of the GTLA. In the absence of an express provision to the contrary, we hold that the GTLA applies to claims brought against a municipality pursuant to the THRA, thereby requiring the claim to be tried in circuit court without the intervention of a jury.[3] Accordingly, we reverse the decision of the trial court.

## V. CONCLUSION

The judgment of the trial court is reversed, and the case is remanded for proceedings consistent with this opinion. Costs of the appeal are taxed to the appellee, Larry Sneed.

_____
JOHN W. McCLARTY, JUDGE

---

[3]We acknowledge a district court order cited by Mr. Sneed that holds otherwise, namely *Lee v. Maury County*, No. 1-10-0051 (M.D. Tenn. 2011). This order is a district court decision that is not binding on this court. *Leggett v. Duke Energy Corp.*, 308 S.W.3d 843, 871 (Tenn. 2010).