IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 23, 2014 Session

**RICHARD MORENO v. CITY OF CLARKSVILLE**

**Appeal from the Circuit Court for Montgomery County**
**No. MCCCCVOD122906     Ross H. Hicks, Judge**

---

**No. M2013-01465-COA-R3-CV - Filed February 25, 2014**

---

Plaintiff filed a timely claim with the Division of Claims Administration, which did not resolve the claim within the statutory period. The claim was transferred to the Claims Commission, and Plaintiff filed a complaint pursuant to the Claims Commission Rules. Much later, the State amended its answer to allege fault by the City of Clarksville. Plaintiff filed suit against the City. The suit was dismissed because the trial court found that the "original complaint" under Tenn. Code Ann. § 20-1-119 was not filed within a year of the alleged injury. Plaintiff appealed. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, M.S., P.J., and RICHARD H. DINKINS, J., joined.

Bruce A. Kennedy and John T. Maher, Clarksville, Tennessee, for the appellant, Richard Moreno.

Lance A. Baker and Jeffrey T. Goodson, Clarksville, Tennessee, for the appellee, City of Clarksville.

OPINION

On December 24, 2009, a tree fell on Richard Moreno's car as he was crossing the Neal Tarpley Bridge in Clarksville, Tennessee, causing bodily injury. Because the tree was on State property, on December 17, 2010 he filed a timely written notice of his claim for

damages against the State of Tennessee with the Division of Claims Administration ("DCA"), as required by Tenn. Code Ann. § 9-8-402(a). By statute, Tenn. Code Ann. § 9-8-402(c), DCA has 90 days to honor or deny the claim. If it fails to do either, DCA must automatically transfer the claim to the Claims Commission. DCA made this transfer on March 17, 2011.[1]

Moreno filed a complaint with the Claims Commission on April 14, 2011 seeking damages for the incident.[2] The State filed an answer denying liability. On September 18, 2012, the State filed a motion to amend its answer to include an allegation of comparative fault against the City of Clarksville. The motion to amend was granted on October 5, 2012 and the amended answer was filed October 5, 2012. Moreno then filed and later withdrew an amended complaint in the Claims Commission adding the City of Clarksville. Moreno filed suit against the City of Clarksville in the Circuit Court of Montgomery County on November 26, 2012. The claim against the State was transferred to the Circuit Court of Montgomery County pursuant to Tenn. Code Ann. § 9-8-402(b) for consolidation with the claim against the City of Clarksville. The City filed a motion to dismiss which was granted on May 20, 2013. Moreno appealed.

STANDARD OF REVIEW

The purpose of a motion to dismiss under Tenn. R. Civ. P. 12.02(6) is to test the legal sufficiency of the complaint, not the strength of the complainant's proof. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999). In reviewing a motion to dismiss based on Rule 12.02(6), we must liberally construe the pleading, presuming all factual allegations are true and drawing all reasonable inferences in favor of the complainant. *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31 (Tenn. 2007); *Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 37 (Tenn. Ct. App. 2006). This determination is a conclusion of law which is reviewed de novo on appeal with no presumption of correctness. *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696-97 (Tenn. 2002); *Kincaid*, 221 S.W.3d at 37. The construction of a statute is also a question of law, which is reviewed de novo with no presumption of correctness. *Gleaves v. Checker Cab Transit Corp., Inc.*, 15 S.W.3d 799, 802 (Tenn. 2000).

---

[1] The Claims Commission Rules specify that no action on the part of the claimant is required to accomplish the transfer. Tenn. Comp. R. & Regs. 0310-01-01-.01(2)(c).

[2] The Claims Commission Rules state that: "Within thirty (30) days of the receipt of the notification of assignment of a Commissioner, the claimant shall file a complaint (which complies with T.R.C.P. 8 and 10). If such a complaint has already been filed with the Division of Claims Administration, then this requirement is satisfied." Tenn. Comp. R. & Regs. 0310-01-01-.01(2)(d)(3).

ANALYSIS

This lawsuit lies at the crossroads of three distinct statutory schemes created in three separate decades: the Governmental Tort Liability Act ("GTLA"), the Claims Commission Act, and Tenn. Code Ann. § 20-1-119. Some background information on each one may be useful.

The GTLA, originally enacted in 1973, applies to local governments. Tenn. Code Ann. § 29-20-101 *et seq*. It waives their immunity in a number of specific categories. The Claims Commission Act, enacted in 1984, applies to the State and also waives the State's immunity as to specific occurrences. Tenn. Code Ann. § 9-8-301 *et seq*. To initiate the claims process, a person claiming damages must file a notice of the claim with the Division of Claims Administration. Tenn. Code Ann. § 9-8-402(a). If a settlement is not reached in 90 days, the claim is transferred to the Claims Commission. Tenn. Code Ann. § 9-8-402(c). Tennessee Code Annotated section 20-1-119,[3] enacted in 1993 after the Tennessee Supreme

---

[3]Tenn. Code Ann. § 20-1-119 states:

(a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault, either:

(1) Amend the complaint to add the person as a defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that person; or

(2) Institute a separate action against that person by filing a summons and complaint. If the plaintiff elects to proceed under this section by filing a separate action, the complaint so filed shall not be considered an original complaint initiating the suit or an amended complaint for purposes of this subsection (a).

(b) A cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations. This section shall not extend any applicable statute of repose, nor shall this section permit the plaintiff to maintain an action against a person when such an action is barred by an applicable statute of repose.

(c) This section shall neither shorten nor lengthen the applicable statute of limitations for any cause of action, other than as provided in subsection (a).

(d) Subsections (a) and (b) shall not apply to any civil action commenced pursuant to § 28-1-

3

Court adopted a modified comparative fault system in the landmark case *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn. 1992), gives a plaintiff 90 days to amend the complaint to add additional defendants (or file a new suit against such persons) named by the original defendant in an answer as causing or contributing to the plaintiff's injury. The 90-day window is provided only if the original complaint was filed within the applicable statute of limitations.

In the instant case, the trial court dismissed Moreno's claim against Clarksville. The trial court viewed the "original complaint" under Tenn. Code Ann. § 20-1-119 as the one filed with the Claims Commission on April 14, 2011. Since this complaint was filed over one year after the incident, even though the filing was permitted under the terms of the Claims Commission's rules, the trial court viewed it as falling outside the one-year statute of limitations and thus found Tenn. Code Ann. § 20-1-119 inapplicable. Consequently, the action against the City of Clarksville, according to the trial court, was time barred.

The first question we must address is whether the April 14, 2011 complaint is the original complaint for purposes of Tenn. Code Ann. § 20-1-119 or whether the notice filed with the DCA is the original complaint for purposes of that statute. Tennessee Code Annotated section 9-8-402(a)(1) requires a claimant to give written notice of the claim with the DCA "as a condition precedent to recovery." The notice must include the circumstances upon which the claim is based, the state entity that caused the injury, the time and place of the incident and the nature of the injury. Tenn. Code Ann. § 9-8-402(a)(2). "The claim is barred unless the notice is given within the time provided by statutes of limitations applicable by the courts for similar occurrences from which the claim arises . . . ."[4] Tenn. Code Ann. § 9-8-402(b). If the DCA does not honor or deny the claim within a 90-day "settlement

105, except an action originally commenced in general sessions court and subsequently recommenced in circuit or chancery court.

(e) This section shall not limit the right of any defendant to allege in an answer or amended answer that a person not a party to the suit caused or contributed to the injury for which the plaintiff seeks recovery.

(f) As used in this section, "person" means any individual or legal entity.

(g) Notwithstanding any law to the contrary, this section applies to suits involving governmental entities.

[4]Interestingly, in its brief the City defines "original complaint" in Tenn. Code Ann. § 20-1-119 as "the pleading which the Plaintiff was required to file against the State within the applicable statute of limitations."

period," it "shall automatically transfer the claim to the administrative clerk of the claims commission." Tenn. Code Ann. § 9-8-402(c). Upon transfer, the claim is assigned to either the regular or small claims docket. Tenn. Code Ann. § 9-8-403(a). Proceedings on the regular docket are "conducted pursuant to the Tennessee Rules of Civil Procedure where applicable and otherwise pursuant to rules and regulations promulgated by the commission." Tenn. Code Ann. § 9-8-403(a)(1).

The statutes governing the Claims Commission do not require that a formal complaint be filed. Rather, a notice of claim is filed which contains basic information and, after the 90-day settlement period passes, the claim is "transferred" to the Claims Commission for adjudication. The Claims Commission does have a rule that requires the filing of a more formal complaint at this stage. Tenn. Comp. R. & Regs. 0310-01-01-.01(2)(d)(3). The rules, however, do not envision this more formal complaint as the commencement of the action. Tennessee Rules and Regulations 0310-01-01-.01(2)(b) states that "[a]ll other actions [besides tax claims] are commenced by filing a written notice of claim (see T.C.A. § 9-8-402 for requirements) with the Division of Claims Administration." The rule's requirement of a more formal complaint after the transfer is designed to organize the claim in the form of a pleading[5]—hence the references in the Claims Commission Rule to Tenn. R. Civ. P. 8 and 10. Tenn. Comp. R. & Regs. 0310-01-01-.01(2)(d)(3). We also note that the filing of the notice by the claimant tolls statutes of limitation. Tenn. Code Ann. § 9-8-402(b).

Under Tenn. Code Ann. § 20-1-119, the defendant named in an original complaint (or amended complaint) names persons who may be liable to the plaintiff. The plaintiff then has 90 days to file against those persons. The City maintains that the notice of claim cannot be an original complaint because the notice is a "'fill in the blank' questionnaire" and because the commission rules require filing a complaint after the transfer. Yet, as we have already observed, the notice of claim provides all the pertinent information that a complaint would, the commission itself views the filing of the notice of claim as the commencement of the action, and statutes of limitation are tolled by the filing of the notice of claim. We must look past form to substance. We have no difficulty finding that the notice of claim is the original complaint under Tenn. Code Ann. § 20-1-119. The notice of claim was filed within the applicable one-year statute of limitations.

The City argues that judicial interpretations of Tenn. Code Ann. § 20-1-119 do not allow for "equivalent" or "analogous" methods of compliance. The City cites cases holding that an attorney's letter is not an answer for purposes of Tenn. Code Ann. § 20-1-119,

_____

[5]The claim form provided by the DCA provides for all the information that would normally appear in a complaint, but is not organized in the same manner as a complaint filed under Tenn. R. Civ. P. 10.

*Grindstaff v. Bowman*, No.E2007-00135-COA-R3-CV, 2008 WL 2219274, at *4 (Tenn. Ct. App. May 29, 2008); a discovery response is not an answer for purposes of Tenn. Code Ann. § 20-1-119, *Shaffer v. Memphis Airport Authority*, No.W2012-00237-COA-R9-CV, 2013 WL 209309, at *7-8 (Tenn. Ct. App. Jan. 18, 2013), *Crawford v. U.S. Foodservice, Inc.*, No. 3:10-0030, 2010 WL 2901740, at *4 (M.D. Tenn. July 23, 2010); and that a motion to dismiss is not an answer for purposes of Tenn. Code Ann. § 20-1-119, *Johnson v. Trane U.S. Inc.*, No.W2011-01236-COA-R3-CV, 2013 WL 4436396, at *7 (Tenn. Ct. App. Aug. 19, 2013). The City offers these cases in support of the notion that the notice of claim is not an original complaint under Tenn. Code Ann. § 20-1-119. We respectfully disagree and find that these distinguishable cases do not dissuade us from the view that the notice of claim is the original complaint under Tenn. Code Ann. § 20-1-119.

The City also maintains that a plaintiff must comply with the twelve-month statute of limitations on GTLA claims found in Tenn. Code Ann. § 29-20-305(b). It argues that the tolling provision of the Claims Commission Act[6] can have no effect on the GTLA because it does not specifically mention application to the GTLA. The City quotes *Cunningham v. Williamson County Hospital District*, 405 S.W.3d 41 (Tenn. 2013), for the proposition that, "In the absence of specific statutory language permitting extension of the GTLA statute of limitations, we have held that statutory provisions inconsistent with the GTLA may not extend the applicable statute of limitations period." *Id*. at 45.

We need not decide whether the Claims Commission Act's tolling provision affects the GTLA. Tenn. Code Ann. § 20-1-119(g) expressly states that "this section applies to suits involving governmental entities." Tennessee Code Annotated section 20-1-119(c) states that, "This section shall neither shorten nor lengthen the applicable statute of limitations for any cause of action, other than as provided in subsection (a)." So, if the requirements of Tenn. Code Ann. § 20-1-119(a) are met, the statute of limitations in the GTLA can be extended. The requirements are that: (1) a defendant named (2) in an original complaint initiating a suit (3) which was filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, (4) alleges in an answer or amended answer to the original or amended complaint (5) that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, (6) and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, (7) the plaintiff may, within 90 days of the filing of the first answer or first amended answer alleging that person's fault, either (8) amend the complaint to add the person as a defendant or institute a separate

---

[6]Tenn. Code Ann. § 9-8-402(b), in pertinent part, states: "The filing of the notice by the claimant tolls all statutes of limitations as to other persons potentially liable to the claimant due to the occurrence from which the claim before the commission arises."

action against that person by filing a summons and complaint. Tenn. Code Ann. § 20-1-119(a). The record shows that these requirements were met.

## CONCLUSION

The trial court's decision granting the motion to dismiss is reversed. Because the conditions of Tenn. Code Ann. § 20-1-119 are met, the consolidated case should proceed.

Costs of appeal are assessed against the City of Clarksville.


_____
ANDY D. BENNETT, JUDGE