IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 6, 2013

**In re JORDAN H.**

**Appeal from the Juvenile Court for Cocke County**
**No. J-229      John A. Bell, Judge**

_____

**No. E2013-01731-COA-R3-JV-FILED-MARCH 25, 2014**

_____

In this child support enforcement action, the trial court granted the State, on behalf of the minor child's mother, an arrearage award of $16,753.49 against the child's father. The trial court found that the father's sole source of income was his federal Supplemental Security Income ("SSI") and ordered the father to pay his entire lump-sum SSI payment to Child Support Enforcement. Father appeals. We affirm the trial court's judgment only as to the amount of the arrearage. We reverse the portion of the trial court's judgment attaching the father's SSI benefits and remand for correction of the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court**
**Affirmed in Part, Reversed in Part; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and D. MICHAEL SWINEY, J., joined.

Jeffrey A. Armstrong, Morristown, Tennessee, for the appellant, Jeff D. B.

Robert E. Cooper, Jr., Attorney General and Reporter, and Warren Jasper, Senior Counsel, Nashville, Tennessee, for the appellee, State of Tennessee _ex rel._ Shelia G.

**OPINION**

I.  Factual and Procedural Background

The relevant facts of the instant action are undisputed. The minor child for whom support is at issue, Jordan H., had reached the age of twenty-one years when the trial court directed Father to pay $350.00 monthly toward a child support arrearage in an order entered August 27, 2012. On October 26, 2012, the State, _ex rel._ Sheila G. (the child's mother), filed

a petition for civil contempt, alleging that Father had failed to pay child support as ordered and was in arrears $17,253.49. On the same date, the trial court entered an order directing Father to show cause why he should not be held in civil contempt of court.

On December 8, 2012, and February 21, 2013, respectively, the trial court entered orders continuing the hearing on the petition. The court included in its December 8, 2012 order a finding that Father was making payments toward the arrearage and that those payments would be monitored by the State. In February 2013, Father filed a uniform affidavit of indigency, and the trial court appointed counsel to represent him. On April 8, 2013, the court entered a third order of continuance and imposed a lien on any lump sum award regarding Father's "worker's compensation, personal injury and/or Social Security disability claims."

Following a hearing conducted on July 15, 2013, the trial court entered a judgment against Father for a child support arrearage in the amount of $16,753.49, subject to twelve percent post-judgment interest. The court specifically found in its judgment that Father had "been approved for SSI benefits" and was "completely disabled and totally unable to work." As to the petition for civil contempt of the August 2012 order, the court, *sua sponte*, allowed Father "another opportunity to comply" with the order by directing Father to pay "all his lump sum from Supplemental Social Security to Nashville to pay towards arrears" on the child support enforcement case. Father has timely appealed.

## II. Issue Presented

Father does not appeal the judgment as to the amount of the arrearage. He presents one issue on appeal, which we restate as follows:

> Whether the trial court erred by ordering Father to pay his SSI benefits toward his child support arrearage.

## III. Standard of Review

The issue raised in this appeal is a question of law. We review questions of law, including those of statutory construction, *de novo* with no presumption of correctness. *See Cunningham v. Williamson Cnty. Hosp. Dist.*, 405 S.W.3d 41, 43 (Tenn. 2013) (citing *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 366 (Tenn. 2012)).

IV. Attachment of SSI Benefits

Father contends that the trial court erred by ordering him to pay his SSI benefits toward the child support arrearage. We agree and reverse the portion of the judgment attaching Father's SSI benefits for payment.

As the State concedes, it is well settled in Tennessee that SSI benefits are not subject to legal process for payment of court-ordered child support. *See Tenn. Dep't of Human Servs., ex rel. Young v. Young*, 802 S.W.2d 594, 599 (Tenn. 1990). SSI benefits, codified at 42 U.S.C.A. § 1381, *et seq.* (2003), were authorized by a 1972 amendment to the federal Social Security Act and were intended as "'a Federal guaranteed minimum income level for aged, blind, and disabled persons.'" *Young*, 802 S.W.2d at 595 (quoting *Schweiker v. Wilson*, 450 U.S. 221, 223 (1981)). As our Supreme Court explained in *Young*:

> Implicit in the SSI program, and the broader scheme of which it is a part, is the intention that these payments are for the benefit of the individual recipient, rather than for the benefit of the recipient and the recipient's dependents. The Senate Report on the Social Security Amendments of 1972 describes the SSI program as a plan "designed to provide a positive assurance that the Nation's aged, blind, and disabled people would no longer have to subsist on below-poverty-level incomes." S.Rep.No. 92-1230, p. 384. The 1972 amendments also provided for Aid to Families with Dependent Children, a program which "offers welfare payments to families in which the father is dead, absent, *disabled*, or, at the State's option, unemployed. S.Rep.No. 92-1230, p. 505 (emphasis supplied). See also the definition of "dependent child" at 42 U.S.C. § 606(a) (1983). Thus, although "[t]he Committee believe[d] that all children have the right to receive support from their fathers," S.Rep.No. 92-1230, p. 505, the AFDC program it established provides that payments to the children of disabled fathers are separate from payments to the disabled fathers themselves. Had it been the intent of Congress that SSI funds would also benefit the recipient's dependents, these payments obviously would not have been set up in this way.

> By contrast, Social Security disability benefits, which are determined on the basis of wages and self-employment income of the insured, do benefit the dependent children of the insured individual. In fact, children of individuals entitled to disability insurance benefits receive a separate payment which increases after the death of the insured and which may extend until the child reaches the age of nineteen. 42 U.S.C. § 402(d) (Supp. 1990).

. . .

We conclude that the terms of these statutes give strong evidence of Congressional intent that SSI payments are for the benefit of the recipient alone. While the recipient may spend these funds anyway she or he chooses, we decline to hold that the recipient's family falls within a "protected category" so as to create an inescapable obligation upon the recipient.

*Id.* at 598-99. *See, e.g., In re Alexia R.L.H. & Tristan S.M.R.*, No. E2011-01063-COA-R3-JV 2012 WL 566799 at *2 (Tenn. Ct. App. Feb. 22, 2012) (affirming the trial court's order that the mother's social security disability benefits were to be garnished; noting the "crucial distinction" addressed by our Supreme Court in *Young* between social security disability benefits and SSI benefits; and concluding: "The end result is that disability benefits can be garnished, but SSI payments cannot, as a matter of federal law.").

The State requests that the judgment against Father for the arrearage in the amount of $16,753.49, subject to post-judgment interest, be affirmed. Inasmuch as Father has raised no issue regarding the amount of the arrearage, we affirm that portion of the trial court's judgment without further analysis. *See* Tenn. R. App. P. 13(b) ("Review generally will extend only to those issues presented for review."). We reverse that portion of the judgment attaching Father's SSI benefits for payment, and we remand to the trial court for removal of the attachment.

## V. Conclusion

For the reasons stated above, the decision of the trial court is affirmed in part and reversed in part. The portion of the judgment finding a child support arrearage in the amount of $16,753.49, subject to post-judgment interest, is affirmed. The portion of the judgment attaching Father's SSI benefits to pay the child support arrearage is reversed. Costs on appeal are assessed to the State of Tennessee, Department of Human Services. This case is remanded to the trial court, pursuant to applicable law, for removal of the SSI attachment and collection of costs assessed below.

_____
THOMAS R. FRIERSON, II, JUDGE