# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
February 24, 2015 Session

## JAMES T. PATTERSON v. LINCOLN MEDICAL CENTER

**Appeal from the Circuit Court for Lincoln County**
**No. 13CV132     Franklin L. Russell, Judge**

_____

**No. M2014-01145-COA-R3-CV – Filed June 23, 2015**

_____

Suit was instituted under the Governmental Tort Liability Act and the Health Care Liability Act against a county-owned hospital four days after the patient gave the hospital notice of a potential health care liability claim. The trial court dismissed the complaint for failure to state a cause of action, holding that the patient did not demonstrate extraordinary cause to institute suit prior to the expiration of 60 days from giving notice of his claim under the Health Care Liability Act. Finding that the record does not establish extraordinary cause, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P. J., M. S., and ANDY D. BENNETT, J., joined.

Robert S. Peters, Winchester, Tennessee, for the appellant, James T. Patterson.

Reid D. Leitner and Leighann D. Ness, Nashville, Tennessee, for the appellee, Lincoln Medical Center a/k/a Lincoln County Hospital, a part of the Lincoln County Health System.

## OPINION

### I. FACTUAL BACKGROUND

On December 28, 2012, James T. Patterson was admitted to the Lincoln Medical Center, a hospital owned and operated by Lincoln County, to have a catheter inserted into his urethra. On December 23, 2013, Mr. Patterson sent the Chief Executive Officer of the Lincoln County Health System a notice of a potential claim against the hospital, as

required by the Health Care Liability Act ("HCLA"), Tenn. Code Ann. § 29-26-101, *et. seq.* Four days later, on December 27, Mr. Patterson filed suit in the Circuit Court for Lincoln County under the HCLA and the Governmental Tort Liability Act ("GTLA"), Tenn. Code Ann. § 29-20-101, *et seq.*, against the Lincoln County Health System d/b/a Lincoln Medical Center.[1] In the complaint, Mr. Patterson alleged that the catheter had been negligently inserted, causing him injuries and damages.

The hospital filed a Tenn. R. Civ. P. 12.02(6) motion to dismiss the complaint on the ground that Mr. Patterson had not provided written notice of the potential claim at least 60 days prior to filing suit as required by Tenn. Code Ann. § 29-26-121(a)(1). Mr. Patterson responded, asserting that, "as a result of a conflict" between the GTLA and the HCLA, he was "in somewhat of a dilemma" because the Tennessee Supreme Court's ruling in *Cunningham v. Williamson Cnty. Hosp. Dist.*, 405 S.W.3d 41 (Tenn. 2013)[2] required that his claim be filed within one year to satisfy the GTLA and that he also had to comply with the HCLA's 60-day notice requirement at Tenn. Code Ann. § 29-26-121(a)(1).[3] The court held that Mr. Patterson had not demonstrated extraordinary cause

_____

[1] Attached as exhibits to the complaint were the following documents: (1) Written Notice of Potential Claim of Lincoln County Medical Center a/k/a Lincoln County Hospital Pursuant to Tenn. Code Ann. § 29-26-101(a); (2) Affidavit of Personal Delivery of Charles Wilhoite, Process Server, attesting that the notice had been personally delivered to Jamie W. Guin, Jr., Chief Executive Officer of Lincoln County Health System on December 23; (3) Certificate of Good Faith to Maintain Health Care Liability Action signed by counsel for Mr. Patterson; (4) Medical Expert Witness Statement Supporting the Filing of a Certificate of Good Faith Under Tennessee Code Annotated Section 29-26-122 signed by Douglas C. Altenbern, M.D.

[2] In 2009, the General Assembly amended Tenn. Code Ann. § 29-26-121(c) to extend the applicable statute of limitations in all medical malpractice (now health care liability) actions by 120 days, as long as the pre-suit notice requirements were met. In *Cunningham v. Williamson Cnty. Hosp. Dist.*, our Supreme Court held that the 2009 amendments did not operate to extend the GTLA's one-year statute of limitations for health care liability claims. 405 S.W.3d 41, 46 (Tenn. 2013). The Court noted that Tenn. Code Ann. § 29-26-121(a) was amended in 2011 to include "claims against the state or political division thereof" within the definition of health care liability actions, but the 2011 amendments were not applicable in that particular case nor was it the appropriate case in which to determine whether the amendments extended the GTLA's statute of limitations. *Id.* at 45 n.2.

[3] In responding to the hospital's motion, Mr. Patterson relied upon the following portion of the notice that he had served on the medical center's Chief Executive Officer to comply with Tenn. Code Ann. § 29-26-121(a)(1):

> F. As further part of this notice it is acknowledged that Lincoln Medical Center a/k/a Lincoln County Hospital is operating as a public hospital; and, as such, this action is subject to the one-year statute of limitations set forth in the Governmental Tort Liability Act (GTLA), which is contained in *Tenn. Code Ann. § 29-20-305(b)*. As a result, this notice is subject to the requirements set out in the Tennessee Supreme Court opinion of *Cunningham et al. v. Williamson Cnty. Hosp. Dist., 405 S.W.3d 41 (Tenn. 2013)*. This case stated that the 120-day extension provided by *Tenn. Code Ann. § 29-26-121(c)* does not apply to a claim brought under the GTLA unless the suit against the governmental

2

to excuse his failure to comply with Tenn. Code Ann. § 29-26-121(a)(1) and dismissed the complaint.

Plaintiff appeals, articulating the following issue:

Whether this plaintiff who has brought a health care liability action under the Health Care Liability Act ([HCLA]) against a governmental entity under the Government Tort Liability Act (GTLA) reconciled the conflict within the HCLA and the GTLA when this action was commenced within sixty days of the running on the one-year GTLA statute of limitations by providing for an extension of time for the defendant to respond to the complaint.

## II. STANDARD OF REVIEW

The purpose of a Tenn. R. Civ. P. 12.02(6) motion to dismiss is to determine whether the pleadings state a claim upon which relief can be granted. Making such a determination is a question of law; therefore, our review is *de novo*, with no presumption of correctness. *Cullum v. McCool*, 432 S.W.3d 829, 832 (Tenn. 2013) (citing *Webb v. Nashville Area Habitat for Humanity*, 346 S.W.3d 422, 426 (Tenn. 2011)).

An exception to the requirement that plaintiff give notice 60 days before instituting suit is available where a plaintiff shows extraordinary cause for failure to comply; the question of whether extraordinary cause has been demonstrated to excuse compliance with Tenn. Code Ann. § 29-26-121(a)(1) is a mixed question of law and fact, and our review of that determination is de novo with a presumption of correctness in regard to the trial court's findings of fact. *Myers v. AMISHUB (SFB), Inc.*, 382 SW.3d. 300, 307-08 (Tenn. 2012) (citing *Starr v. Hill*, 353 S.W.3d 478, 481–82 (Tenn. 2011)).

---

entity is commenced within twelve months after the cause of action arises. This section requires strict compliance with the GTLA. As a result, a complaint will have to be filed against Lincoln Medical Center a/k/a Lincoln County Hospital on or before December 28, 2013. Accordingly, the automatic extension of time for filing the complaint will not be available. In order to substantially comply with the provisions of the Tennessee Medical Malpractice Act and the Governmental Tort Liability Act, no action will be taken in this case until the expiration of a period of time up to 120 days from the date this notice is given. The complaint tolling the running of the statute of limitations for a case under the GTLA will be filed on or before December 28, 2013, and a copy will be served on Lincoln Medical Center a/k/a Lincoln County Hospital; but action will be delayed in order to comply with both the Tennessee Health Care Liability Act and the Tennessee Governmental Tort Liability Act.

(emphasis in original).

## III. DISCUSSION

In this case we are called on to consider whether Mr. Patterson's filing suit to comply with the one-year statute of limitations in the GTLA constituted extraordinary cause to excuse his non-compliance with the pre-suit notice procedures in the HCLA.

Tenn. Code Ann. § 29-20-305(b) provides that a suit brought under the GTLA for the tortious acts of a governmental entity must be commenced within one year of when the cause of action accrued. In 2011, the General Assembly amended Tenn. Code Ann. § 29-26-101(a) to include governmental entities within the definition of "health care providers" and to govern health care liability actions "against the state or political subdivision thereof."[4] The effect of the amendment was to place governmental entities, like Lincoln Medical Center, "within the ambit of the HCLA." *Harper v. Bradley County*, No. E2014-00107-COA-R9-CV, 2014 WL 5487788, at \*6 (Tenn. Ct. App. Oct. 30, 2014).[5] Thus, health care liability suits against governmental entities must comply with the procedures set forth in the HCLA.

Prior to filing suit against a health care provider under the HCLA, Tenn. Code Ann. § 29-26-121(a)(1) mandates that:

> Any person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.

Our Supreme Court, in *Myers v. AMISHUB (SFB), Inc.*, held that strict compliance with the pre-suit notice provision, absent a showing of extraordinary cause, is required for claims brought under the HCLA. 382 S.W.3d at 310.[6] Tenn. Code Ann. § 29-26-121(b)

---

[4] The amendment was enacted as part of the Tennessee Civil Justice Act of 2011, which became effective October 1, 2011. 2011 Tenn. Pub. Acts Ch. 510, §8.

[5] Tenn. Code Ann. § 29-26-121(c) operates to extend the statute of limitations applicable to a health care provider by 120 days.

[6] The Court also set forth the following procedure to challenge compliance with pre-suit notice:

> The proper way for a defendant to challenge a complaint's compliance with Tennessee Code Annotated section 29-26-121 and Tennessee Code Annotated section 29-26-122 is to file a Tennessee Rule of Procedure 12.02 motion to dismiss. In the motion, the defendant should state how the plaintiff has failed to comply with the statutory requirements by referencing specific omissions in the complaint and/or by submitting affidavits or other proof. Once the defendant makes a properly supported motion under this rule, the burden shifts to the plaintiff to show either that it complied with the statutes

grants trial courts the discretion to excuse strict compliance with pre-suit notice where extraordinary cause is shown. *Id.* In considering whether Mr. Patterson demonstrated extraordinary cause, we are guided by the term's plain and ordinary meaning. *Shockley v. Mental Health Cooperative, Inc.*, 429 S.W.3d 582, 595 (Tenn. Ct. App. 2013) (citing *Myers*, 382 S.W.3d at 310-11)).[7] Extraordinary cause may include "illness of the plaintiff's lawyer, a death in that lawyer's immediate family, [or] illness or death of the plaintiff's expert in the days before the filing became necessary." *Id.*

At the hearing on the motion to dismiss, the transcript of which was incorporated into the final order, the court stated the following:

> Extraordinary cause, you would think initially that's just a set of really bizarre circumstances. A factual aberration is what I would call it - - is what I would anticipate that means.
>
> This, instead, is really a rather predictable predicament for Plaintiff's to find themselves in, and I will say that, clearly, Mr. Peters foresaw this because in his filings at the front end of this process he was acknowledging it and he said in his notice we're not going to pursue this for 120 days because we're aware of what the statutory scheme says.
>
> ***
>
> I think because of the failure to file 60 days ahead under the statute, that [the complaint] must be dismissed without prejudice in the absence of extraordinary cause, and I just can't find that extraordinary cause is here.

When Mr. Patterson gave notice of the potential claim to the hospital—December 23, 2013—it was clear that health care liability actions against governmental entities were governed by the procedures contained within the HCLA. By filing suit four days after giving notice to the hospital, Mr. Patterson did not comply with the 60-day pre-suit notice provision in Tenn. Code Ann. 29-26-121(a)(1). At the trial court and on appeal,

---

or that it had extraordinary cause for failing to do so. Based on the complaint and any other relevant evidence submitted by the parties, the trial court must determine whether the plaintiff has complied with the statutes. If the trial court determines that the plaintiff has not complied with the statutes, then the trial court may consider whether the plaintiff has demonstrated extraordinary cause for its noncompliance.

*Myers*, 382 S.W.3d at 307.

[7] The statute does not define "extraordinary cause." In *Myers*, the Court adopted the following definition of "extraordinary": "going beyond the ordinary degree, measure, limit, etc.; very unusual; exceptional; remarkable." 382 S.W.3d at 311-11.

Mr. Patterson does not assert that any of the examples of extraordinary cause mentioned in *Shockley* or some other unforeseen difficulty arose to excuse his failure to give notice 60 days before filing suit; we are not referred to any facts upon which to conclude that extraordinary cause exists.

Mr. Patterson asserts that he was forced to file suit four days after giving the hospital notice in accordance with the holding in *Cunningham* that the 2009 amendments to the HCLA, which extended the statute of limitations by 120 days where notice was properly given, did not apply to GTLA actions. He argues that he had to likewise meet the pre-suit notice requirements of the HCLA and did so by "extending the defendant's time to respond to the plaintiff's action." This argument is unavailing. The question before us is whether Mr. Patterson demonstrated extraordinary cause for failing to give the required 60-day notice prior to filing suit mandated by Tenn. Code Ann. § 29-26-121(b), not whether he showed extraordinary cause for filing suit when he did. There is no conflict between the statutes relative to the requirement of notice; at the time the action was filed, it was clear that the HCLA included a 60-day pre-suit notice requirement. It is this requirement which Mr. Patterson failed to meet and the record is devoid of facts which demonstrate the extraordinary cause necessary to waive the requirement.

We are not unsympathetic to Mr. Patterson's situation; however, the plain language of the HCLA is clear that notice must be given 60 days prior to filing suit. The purpose of the pre-suit notice requirement is that a "defendant be given notice of a [health care liability] claim before suit is filed," *Myers*, 382 S.W.3d at 309; the requirement is "fundamental to the validity" of the statute and is mandatory. *Id.* Tenn. Code Ann. § 29-26-121(b) does not provide that extending a defendant more time to respond excuses non-compliance.

The evidence does not preponderate against the court's finding that extraordinary cause did not exist. In the absence of extraordinary cause, Mr. Patterson's complaint must stand dismissed.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
RICHARD H. DINKINS, JUDGE