IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 20, 2019 Session

## DALE J. MONTPELIER ET AL. v. HERBERT S. MONCIER ET AL.

Appeal from the Circuit Court for Knox County
No. 3-554-15          Deborah C. Stevens, Judge

_____

## No. E2018-00448-COA-R3-CV
_____

Defendant/Appellant filed a motion for attorney fees in the Knox County Circuit Court after Plaintiffs/Appellees' claims against the defendant were dismissed pursuant to Tennessee Rule of Civil Procedure 12.02(6). The trial court denied Defendant's request, concluding that one of the plaintiffs' claims was an issue of first impression and as such, the plaintiffs were exempt from having attorney's fees assessed against them. Defendant appeals. Because we conclude that the trial court's application of the attorney fees statute, Tennessee Code Annotated section 20-12-119, was in error, we vacate the order of the trial court and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, J., joined.

Herbert S. Moncier, Knoxville, Tennessee, self-represented.

Dale J. Montpelier and Joseph F. Della-Rodolfa, Knoxville, Tennessee, self-represented.

## OPINION

## Background

The present appeal is the parties' second time before this Court on this matter. In October of 2015, Dale Montpelier and Joseph Della-Rodolfa ("Appellees") filed suit against Herbert S. Moncier ("Appellant") in the Knox County Circuit Court ("trial court") alleging two claims: (1) abuse of process; and (2) civil extortion. The Appellees apparently asserted in their complaint that the civil extortion claim was a matter of first impression, and essentially asked the trial court to create a cause of action that did not yet

exist under Tennessee law.[1] In response, Appellant filed a Rule 12.02(6) motion to dismiss the complaint in its entirety, which the trial court granted. This Court subsequently upheld the trial court's decision on appeal in a split decision. *See Montpelier v. Moncier*, No. E2016-00246-COA-R3-CV, 2017 WL 2378301, at *8 (Tenn. Ct. App. June 1, 2017) (Swiney, Michael D., C.J., dissenting) (concluding that the complaint failed to state a cause of action for common law abuse of process and that the plaintiff's claim for civil extortion was not viable). Following remand, Appellant filed a motion with the trial court requesting his attorney fees pursuant to Tennessee Code Annotated section 20-12-119(c). The trial court held a hearing on Appellant's motion on January 26, 2018.

At the motion hearing, the Appellees argued that one of the exceptions contained in section 20-12-119(c) applied to the case at bar, urging that because their civil extortion claim was a good faith argument for an extension of Tennessee law, they could not have Appellant's attorney fees assessed against them. Appellees also averred that Appellant could not be awarded attorney fees because the parties were pro se.[2] *See* Tenn. Code Ann. § 20-12-119(c)(5)(D). In contrast, Appellant argued that the language of section 20-12-119(c) is mandatory and that although the Appellees' claim of civil extortion posed an issue of first impression, Appellees' abuse of process claim did not. Accordingly, Appellant averred that he should still be awarded some fees pertaining to the abuse of process claim because none of the statutory exceptions in section 20-12-119(c) were applicable to that claim.

The trial court ruled against Appellant, and the following exchange between the Appellant and the trial court took place:

THE COURT: The pending motion before the Court is the motion for attorney fees by Mr. Moncier, I am going to deny that motion. All right.

[Appellant]: You're going to deny my motion?

THE COURT: I am denying your motion on the basis - all right. Let me back up. Maybe I wasn't clear.

[Appellant]: I think you got it backwards.

THE COURT: No.

---

[1] Although the original complaint is not contained in the record for the present appeal, the transcript reflects the trial court's finding that the original complaint indeed contained a properly pleaded claim that the civil extortion allegation was an issue of first impression.

[2] All parties to this appeal are licensed attorneys.

[Appellant]: They have not established an exception.

THE COURT: No, they have established an exception. They have established the exception under (c)(5)(E) that they made a claim that was a claim for first impression; they made a claim that they wanted the Court to recognize a cause of civil extortion. I refused to do that, the Court of Appeals refused to do that. And in their complaint they specifically said that they were asking the Court to create that cause of action.

[Appellant]: I understand that, but what about the abuse of process?

THE COURT: What I'm finding is that the statute - I can't break out whether or not a claim, one claim - they were all dismissed, both the claim for abuse of a process and the Court didn't find that there was a civil extortion claim. So it doesn't say all claims have to assert that. It just says a claim was made.

[Appellant]: If I'm understanding, you're saying they had two separate competing claims. One of them --

THE COURT: No, they had an alternative --

[Appellant]: That's correct, yes.

THE COURT: They had an abuse of process claim; they said, "Here are the facts. We think it's an abuse of process." The Court found and I think the Court of Appeals found that there was no process, so by definition you can't have an abuse of process claim.

[Appellant]: That's correct. I understand.

THE COURT: Then in the alternative they said, "If we don't have an abuse of process, it's civil extortion or we would like to create the cause of action for civil extortion." I didn't agree to create a cause of action and the Court of Appeals didn't agree to.

[Appellant]: On it so far.

THE COURT: So that part of the statute that in Section (C)(5)(E) says, and you pled it in your response, that if they - to get that exception, in their complaint they have to say specifically, "Hey, this is an issue of first impression. We're looking to create law. We're trying to do something that is beyond the norm." If they fail to do that, they don't get that exception. I

- 3 -

found under paragraph 50 they did meet that exception, because paragraph 50 says specifically that civil extortion is not a recognized claim and they're asking the Court to create that claim.

[Appellant]: And as I understand your ruling, you are saying that because they did that with regard to the civil extortion, that grants them the exception as to the abuse of process as well?

THE COURT: It grants the exception as to the entire complaint.

Accordingly, the trial court concluded that the Appellant was not entitled to the attorney fees associated with any of Appellees' dismissed claims. A written order reflecting this ruling was entered on March 1, 2018, and Appellant filed a timely notice of appeal to this Court on March 9, 2018.

## Issues Presented

Appellant raises a single issue for review: Whether the trial court erred in denying the Appellant's motion for attorney fees based on the exception provided in Tennessee Code Annotated section 20-12-119(c)(5)(E). Appellees raise an additional issue for review: Whether the self-represented status of the parties demands the conclusion that section 20-12-119(c) is inapplicable to the Appellant's request for attorney fees.

## Standard of Review

The issues presented here are primarily questions of law, specifically involving the interpretation of Tennessee Code Annotated section 20-12-119(c). "We review questions of law, including those of statutory construction, de novo with no presumption of correctness." *Snyder v. First Tennessee Bank, N.A.*, No. E2015-00530-COA-R3-CV, 2016 WL 423806, at \*3 (Tenn. Ct. App. Feb. 3, 2016) (citing *Cunningham v. Williamson Cnty. Hosp. Dist.*, 405 S.W.3d 41, 43 (Tenn. 2013); *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 366 (Tenn. 2012)). When considering the interpretation of a statute, we must determine the General Assembly's intent and purpose by reading the words of the statutes using their plain and ordinary meaning in the context in which the words appear. When the language of the statute is clear and unambiguous, courts will not look beyond the plain language of the statute to determine its meaning. Further, this Court's goal in construing a statute is to "give full effect to the General Assembly's purpose, stopping just short of exceeding its intended scope." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 526 (Tenn. 2010) (citing *Larsen-Ball v. Ball*, 301 S.W.3d 228, 232 (Tenn. 2010); *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009)). This Court seeks to construe statutes in a manner that "avoids conflict and facilitates harmonious operation of the law." *Id.* (citing *In re Audrey S.*, 182 S.W.3d 838, 869 (Tenn. Ct. App. 2005)).

- 4 -

Finally, "this Court [reviews] the trial court's factual determination of whether litigation costs, including attorney's fees, are reasonable under an abuse of discretion standard." *Id.* (citing *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011)). However, due to the mandatory language of section 20-12-119(c), "the standard of review for the award of litigation costs pursuant to [section] 20-12-119(c) is a matter of law" that we review de novo with no presumption of correctness. *Id.* (citing *Cunningham*, 405 S.W.3d at 43).

## **Discussion**

In the present case, the primary dispute centers on the trial court's interpretation and application of Tennessee Code Annotated section 20-12-119(c). This section provides, in relevant part, that

> Notwithstanding subsection (a) or (b), in a civil proceeding, where a trial court grants a motion to dismiss pursuant to Rule 12 of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief may be granted, the court shall award the party or parties against whom the dismissed claims were pending at the time the successful motion to dismiss was granted the costs and reasonable and necessary attorney's fees incurred in the proceedings as a consequence of the dismissed claims by that party or parties. The awarded costs and fees shall be paid by the party or parties whose claim or claims were dismissed as a result of the granted motion to dismiss.

Tenn. Code Ann. § 20-12-119(c)(1). We have previously noted that in light of the language in this section, an award of attorney fees "is mandatory once a motion to dismiss for failure to state a claim has been granted." *Schodowski v. Tellico Vill. Prop. Owners Ass'n., Inc.*, No. E2015-01145-COA-R3-CV, 2016 WL 1627895, at *9 (Tenn. Ct. App. Apr. 22, 2016) (citing *Snyder*, 2016 WL 423806, at *8).

Notwithstanding its mandatory language, section 20-12-119(c) also contains delineated exceptions to the attorney fee award requirement. Specifically, subsection (c)(5) explains that

> (5) This subsection (c) shall not apply to:

\* \* \*

(D) Actions by pro se litigants, except where the court also finds that the pro se party acted unreasonably in bringing, or refusing to voluntarily withdraw, the dismissed claim;

(E) Any claim which is a good faith, non-frivolous claim filed for the express purpose of extending, modifying, or reversing existing precedent, law or regulation, or for the express purpose of establishing the meaning, lawfulness or constitutionality of a law, regulation or United States or Tennessee constitutional right where the meaning, lawfulness or constitutionality is a matter of first impression that has not been established by precedent in a published opinion by the Tennessee supreme court, court of appeals, court of criminal appeals, a United States district court in Tennessee, or by the United States supreme court. This subdivision (c)(5)(E) shall not apply unless at the time the successful motion to dismiss was filed the party that made the dismissed claim had specially pleaded in its latest complaint, counter-complaint or cross-complaint that the dismissed claim was made for one (1) of the express purposes listed above and cited the contrary precedent or interpretation the party seeks to distinguish or overcome, or whether the issue to be decided is a matter of first impression as described in this subdivision (c)(5)(E)[.]

Tenn. Code Ann. § 20-12-119(c)(5)(D)−(E).

Here, the trial court determined that because the exception in subsection (c)(5)(E) was applicable to Appellees' civil extortion claim against Appellant, the exception thereby applied to the entire complaint. The trial court therefore declined to parse the Appellees' complaint into separate claims and determine whether an exception from section 20-12-119(c) applied to each of them, and concluded that if one exception applied to one claim, then the motion for attorney fees could be denied in its entirety.

On appeal, Appellant takes issue with the trial court's decision to apply the exception to the entire complaint,[3] and argues that the trial court's application of the statute is contrary to its plain language as well as Tennessee case law. Specifically, the Appellant asserts that the statute clearly contemplates applicability of the exceptions to separate, distinct claims. According to the Appellant, "[a]pplying the statute to separate claims in an action is consistent with the purpose of the statute to provide for cost [sic],

---

[3] Appellant has not argued on appeal that the exception provided in 20-12-119(c)(5)(E) is inapplicable to the civil extortion claim. In fact, when asked at oral argument which claims Appellant was seeking attorney fees for, he stated that he sought attorney fees only for the abuse of process claim. Accordingly, we express no opinion as to whether the trial court was correct in applying section 20-12-119(c)(5)(E) to the civil extortion claim.

- 6 -

and attorney fees, for parties who are required to defend against claims that do not state a cause of action for which relief can be granted."[4]

Further, Appellant relies on ***McCord v. HCA Health Serv's. of Tennessee, Inc.***, No. M2016-00240-COA-R3-CV, 2016 WL 5416334, at *1 (Tenn. Ct. App. Sept. 27, 2016) *perm. app. denied* (Jan. 19, 2017), for the proposition that the exceptions in section 20-12-119(c) are not meant to be applied in a blanket fashion to all claims contained within a complaint. In ***McCord***, the plaintiff was a surgeon who brought suit against the defendant hospital after the plaintiff's surgical privileges were revoked. ***Id.*** at *1. The plaintiff alleged several causes of action, including two counts that were predicated on breach of a contract. ***Id.*** These two claims were dismissed after the defendant made a Rule 12.02(6) motion to dismiss for failure to state a claim, and the remaining claims were dismissed for lack of subject matter jurisdiction. ***Id.*** After all appeals were exhausted, the defendant asked the trial court to award it its attorney fees pursuant to section 20-12-119(c), because two of the plaintiff's claims were dismissed based on the Rule 12.02(6) motion. ***Id.*** The trial court granted the defendant's motion and the plaintiff appealed. ***Id.*** The plaintiff's argument on appeal was, in part, that "the entire action is to be dismissed for failure to state a claim upon which relief can be granted before costs can be awarded under the statute[.]" ***Id.*** at *3. Indeed, "[the plaintiff] contend[ed] that the statute should be construed as requiring that the whole case be dismissed under 12.02(6) in order to implicate" the award of attorney fees under section 20-12-119(c). ***Id.*** at *2.

This Court soundly rejected the plaintiff's argument, concluding that the plaintiff's position was inconsistent with the proper construction of the statute. In so concluding, this Court noted the General Assembly's use of the word "claim" rather than "lawsuit" or "action":

> [W]e do not construe "claims," as that term is used in Tenn. Code Ann. § 20-12-119(c)(1) in the fashion urged by [the plaintiff]; rather, "claims" and the phrase "claim or claims" in subsection 119(c)(1) means a specific cause of action or application for relief ***within a lawsuit***. "Claim" or "claims" is commonly used to describe such an application for relief, and a party is permitted to state as many separate claims or defenses as he or she has in his or her pleading. Presuming that every word in a statute has meaning and purpose, and observing that the Legislature chose to use the words "lawsuit" and "action" rather than "claim" or "claims" elsewhere in the same statute, leads us to this construction. Thus, we interpret Tenn. Code Ann. § 20-12-118(c)(1) [sic] to permit recovery of costs and reasonable

---

[4] Appellees opted to make no argument with regard to this issue, but rather cursorily stated that they concur with the trial court's decision that section 20-12-119(c)(5)(E) applies to the entire complaint. Appellees use the bulk of their brief to argue that an alternative exception, subsection (c)(5)(D), is actually applicable to all of the claims. As discussed *infra*, we need not reach this particular issue in resolving this appeal.

attorneys' fees when one or more claims within a lawsuit are dismissed pursuant to Rule 12.02(6). . . . The complaint in *Snyder* only asserted a cause of action for breach of contract, thus in that instance the word "claim" would be synonymous with the word "action." In this case, however, multiple claims for relief were asserted, two of which were dismissed pursuant to Rule 12.02(6), and a proper construction of the statute leads to the holding we reach.

*Id.* at \*3 (emphasis added; internal citations and footnotes omitted). The *McCord* court proceeded to point out that

> [v]arious rules illustrate this construction of the word "claim" by referring to claim(s) as a part of a complaint or pleading and not constituting the pleading itself. *See* Tenn. R. Civ. P. 8.01 ("a pleading ... shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief"); Tenn. R. Civ. P. 10.02 ("[e]ach claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of matters set forth"). *See also* Tenn. R. Civ. P. 12.02; 13.01, 13.05, 13.09; 18.01 and 18.02.

*Id.* at \*4 n.1.

Returning to the present case, we find Appellant's argument and his reliance on *McCord* persuasive. Having reviewed the language of section 20-12-119(c)(5)(E), we agree with Appellant that the statute clearly contemplates that exception (c)(5)(E) is meant to apply to individual claims, rather than the complaint as a whole. As the *McCord* court aptly observed, the drafters of section 20-12-119(c)(5)(E) opted to use the term "claim" throughout the subsection. Keeping in mind the presumption that the General Assembly uses every word deliberately and that each word has a specific meaning and purpose, it seems improbable that the drafters intended "claim" as used in this subsection to be interchangeable with "lawsuit" or "complaint." Indeed, the drafter's decision to use phrases such as "single lawsuit" and "actions by pro se litigants" in other subsections indicates that the General Assembly was cognizant of the distinction between a complaint and individual claims contained therein. Tenn. Code Ann. §§ 20-12-119(c)(4) & (5); *see also* **In re Estate of Tanner**, 295 S.W.3d 610, 614 (Tenn. 2010) (citing **Marsh v. Henderson**, 221 Tenn. 42, 424 S.W.2d 193, 196 (1988) ("[T]he language of a statute cannot be considered in a vacuum, but should be construed, if practicable, so that its component parts are consistent and reasonable.")).

Here, by declining to consider the distinct, individual claims within the original lawsuit, the trial court implemented the same logic in its ruling that we rejected in *McCord*. *See McCord*, 2016 WL 5416334, at \*2 ("'[C]laims' and the phrase 'claim or

claims' in subsection 119(c)(1) means a specific cause of action or application for relief within a lawsuit."). Indeed, the trial court expressly stated that it was going to "grant the exception as to the entire complaint," and provided essentially no explanation as to how the abuse of process claim would fall under section 20-12-119(c)(5)(E). Further, the trial court pointed out that it was difficult for the court to "break out whether or not a claim, one claim," was enough of a basis to deny the motion for attorney fees in its entirety. As discussed, however, the statute provides that each claim should be considered in isolation. *See **In re Estate of Tanner***, 295 S.W.3d at 614 (citing ***Eastman Chem. Co. v. Johnson***, 151 S.W.3d 503, 507 (Tenn. 2004) ("When a statute is clear, we apply the plain meaning without complicating the task.")).

In our view, the trial court erred in its application of section 20-12-119(c)(5)(E), and failed to properly consider whether there was a basis for granting the Appellant's motion for attorney fees with regard to the abuse of process claim. In light of the trial court's misapplication of the statute, we think it prudent to vacate the trial court's order and remand the case with instructions for the trial court to reconsider whether the abuse of process claim independently falls under one of the exceptions provided in section 20-12-119(c).

Finally, we note that the arguments raised by Appellees concerning the exception provided in subsection (c)(5)(D) are pretermitted following our decision to vacate and remand. To be clear, Appellees designated the following issues on appeal, which we have taken verbatim from their brief:

> 1. Appellant is not entitled to attorney's fees because no attorney entered a Notice of Appearance nor signed nor endorsed any pleadings and the Appellant cannot collect attorney's fees for himself.
>
> 2. The Trial Court erred by holding the Appellees, who are pro se, to what amounts to a strict liability standard as to the claim of Abuse of Process as if they were attorneys representing a party when the statute separates out pro se litigants to a standard of reasonableness.

As we perceive their argument, Appellees assert that an attorney representing his or herself should be considered pro se under section 20-1-119(c)(5)(D), which provides an exception to the award of attorney's fees involving "[a]ctions by pro se litigants, except where the court also finds that the pro se party acted unreasonably in bringing, or refusing to voluntarily withdraw, the dismissed claim . . . ." Tenn. Code Ann. § 20-12-119(c)(5)(D). Moreover, Appellees contend that, regardless of whether an exception to section 20-1-119(c) applies, no attorney's fees were actually incurred in this case as Appellant provided the legal work on his own behalf. After thoroughly reviewing the record, we decline to address these matters on appeal.

In the trial court, this issue was addressed only briefly; at the beginning of the hearing on January 26, 2018, the trial court stated that "in this case since the pro se Plaintiffs were lawyers, I don't find that that exception applies." The transcript contains no other explanation or analysis as to the trial court's conclusion that the pro se plaintiff exception is inapplicable, nor is this exception mentioned later in the transcript when the trial court issues its oral ruling. Additionally, nothing in the trial court's oral ruling specifically mentions Appellees' argument that no attorney's fees were actually incurred in this case due to Appellant's self-representation. Most importantly, the trial court's written order discusses only the exception found at subsection 20-12-119(c)(5)(E) and makes no mention whatsoever of subsection 20-12-119(c)(5)(D) or the fact that Appellant is self-represented. Accordingly, it is difficult to discern from the record whether the trial court intended its conclusory statement concerning pro se parties to be included in its final decision.[5] *See generally* **Williams v. City of Burns**, 465 S.W.3d 96, 119 (Tenn. 2015) ("It is well-settled that a trial court speaks through its written orders— not through oral statements contained in the transcripts—and that the appellate court reviews the trial court's written orders."). For this reason, we think it prudent to vacate and remand in order for the parties and the trial court to reach a conclusion as to these issues on remand. Accordingly, the parties may wish to revisit these issues in light of our directive to the trial court to reconsider whether any exceptions provided in section 20-12-119(c) apply to the abuse of process claim and/or whether any attorney's fees were actually incurred in the defense of that claim.

## Conclusion

The order of the Knox County Circuit Court is hereby vacated and remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed against Appellees, Dale Montpelier and Joseph Della-Rodolfa, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

---

[5] We would also respectfully point out that a more detailed order of dismissal, rather than a reference to an oral ruling ostensibly spread over thirty pages of transcript, would have been useful in our review of this appeal.