IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 3, 2021 Session

## TIMOTHY J. PAGLIARA v. MARLENE MOSES, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 18C2241   Ross H. Hicks, Judge**

### No. M2020-00990-COA-R3-CV[1]

This is a consolidated appeal from the trial court's attorney fee award pursuant to Tennessee Code Annotated section 20-12-119(c), which concerns awards of the costs and reasonable and necessary attorney fees to parties who prevail on a Rule 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted.  The plaintiff filed a complaint alleging various claims against the defendants.  Upon the defendants' motion, the trial court entered a judgment of dismissal on December 3, 2018.  The plaintiff took a timely appeal, and we affirmed the judgment of dismissal in full.  We remanded the case for collection of the costs below.  After the Tennessee Supreme Court denied review, the defendants, for the first time, moved for attorney fees and expenses pursuant to Tennessee Code Annotated section 20-12-119(c) in the trial court.  The trial court granted that motion and awarded the statutory maximum amount of fees to the defendants.  We vacate the trial court's award of attorney fees and costs.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J., joined.

Eugene N. Bulso, Jr. and Paul J. Krog, Brentwood, Tennessee, for the appellant, Timothy J. Pagliara.

Winston S. Evans, Nashville, Tennessee, for the appellees, Marlene Moses and MTR Family Law, PLLC.

---

[1] By Order entered October 7, 2020, we consolidated the record in the previous appeal of this case, case number M2018-02188-COA-R3-CV, with the record in the instant appeal.

## OPINION

## I.     BACKGROUND

On August 31, 2018, appellant Timothy J. Pagliara ("Plaintiff") filed a complaint in the Circuit Court for Davidson County ("trial court"), asserting various claims against attorney Marlene Moses and MTR Family Law, PLLC ("Defendants") for alleged wrongdoing related to a divorce proceeding.[2] Defendants' malpractice insurance carrier retained an attorney to represent them in the lawsuit. On October 3, 2018, Defendants moved under Tennessee Rule of Civil Procedure 12.02(6) to dismiss all of the claims in Plaintiff's complaint for failure to state a claim upon which relief can be granted. Defendants did not request attorney fees in their motion to dismiss or in any other filing at the time. The trial court granted the Rule 12.02(6) motion, dismissed Plaintiff's complaint in its entirety, and assessed costs against Plaintiff on December 3, 2018. Because there was no claim or request for attorney fees pending at the time, the trial court's order did not address attorney fees. Plaintiff appealed to this Court. He filed the notice of appeal on December 5, 2018. Defendants neither raised any issues for our review nor requested attorney fees in the first appeal pursuant to Tennessee Code Annotated section 27-1-122.[3]

On February 20, 2020, this Court affirmed the trial court's judgment of dismissal of Plaintiff's claims. *Pagliara v. Moses*, 605 S.W.3d 619, 629 (Tenn. Ct. App. 2020). The corresponding Judgment read:

> It is therefore ORDERED and ADJUDGED by this Court that the judgment of the Circuit Court for Davidson County is affirmed, and this cause is remanded to the Circuit Court for Davidson County for collection of the costs below. Costs on appeal are assessed against the appellant, Timothy J. Pagliara, and his surety, if any.

---

[2] The facts underlying the complaint are not relevant to this appeal and the parties do not dispute the facts related to the current appeal.

[3] "When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal." Tenn. Code Ann. § 27-1-122.

Following Plaintiff's application for permission to appeal, the Tennessee Supreme Court denied review on June 4, 2020. Order, *Pagliara v. Moses, et al.*, No. M2018-02188-SC-R11-CV (Tenn. June 4, 2020).

On June 16, 2020, Defendants filed in the trial court a motion for costs and fees pursuant to Tennessee Code Annotated section 20-12-119(c). Defendants requested the statutory maximum of $10,000.[4] The Mandate from this Court was issued on June 19, 2020, and was filed in the trial court on June 22, 2020. The Mandate read:

> *Whereas, in our **Court of Appeals, Middle Division at Nashville**, it was adjudged and ordered in the cause of **TIMOTHY J. PAGLIARA v. MARLENE MOSES ET AL**. appealed to our said Court that the same be remanded thereto for further proceedings and final determination therein.*
>
> *These are, therefore, to require you, the **Davidson County Circuit Court** as aforesaid, that you proceed with the execution of this Judgment of our said **Court of Appeals** by such further proceedings in your Court as shall effectuate the objects of this order to remand, and attain the ends of justice.*

On June 29, 2020, Plaintiff opposed Defendants' motion for attorney fees, arguing that it was barred by the final judgment affirmed on appeal and was untimely. Plaintiff explained that Defendants did not request an award of attorney fees in their motion to dismiss filed October 3, 2018, nor did they do so at any point before the trial court's entry of final judgment on December 3, 2018. Plaintiff reasoned that this Court's judgment which remanded the case to the trial court "for collection of the costs below"[5] neither directed nor permitted the trial court to reopen the case to hear a motion for attorney fees under section 20-12-119(c). Plaintiff also contended that the fees and costs claimed by Defendants were inaccurate. Following a hearing on July 7, 2020, the trial court granted Defendants' motion by order entered July 13, 2020. Defendants were awarded $10,000 in attorney fees and costs, subject to credit for taxable costs previously paid by Plaintiff. Plaintiff appealed.

---

[4] Through their counsel's declaration and time sheets, Defendants represented that their attorney fees were $64,995.30 and that their costs totaled $2,044.03. This was later amended to $13,220 total. "Notwithstanding any other provision of this section, the court shall not require a party to pay costs under this section in excess of a combined total of ten thousand dollars ($10,000) in any single lawsuit." Tenn. Code Ann. § 20-12-119(c)(4).

[5] Plaintiff paid the court costs to the trial court clerk's office on June 25, 2020.

## II.     ISSUES

Plaintiff raises one issue on appeal which we restate slightly:

A. Whether a request for attorney fees pursuant to Tennessee Code Annotated section 20-12-119(c) may be made for the first time following the appeal from the underlying judgment.

## III.     STANDARD OF REVIEW

The interpretation of Tennessee Code Annotated section 20-12-119 is a question of law. "We review questions of law, including those of statutory construction, *de novo* with no presumption of correctness." *Snyder v. First Tennessee Bank, N.A.*, No. E2015-00530-COA-R3-CV, 2016 WL 423806, at *3 (Tenn. Ct. App. Feb. 3, 2016) (citing *Cunningham v. Williamson Cnty. Hosp. Dist.*, 405 S.W.3d 41, 43 (Tenn. 2013); *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 366 (Tenn. 2012)). "When considering the interpretation of a statute, we must determine the General Assembly's intent and purpose by reading the words of the statutes using their plain and ordinary meaning in the context in which the words appear." *Montpelier v. Moncier*, No. E2018-00448-COA-R3-CV, 2019 WL 990529, at *2 (Tenn. Ct. App. Feb. 28, 2019). "When a statute's text is clear and unambiguous, the courts need not look beyond the statute itself to ascertain its meaning." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 527 (Tenn. 2010). When construing a statute, a court tries "to give full effect to the General Assembly's purpose, stopping just short of exceeding its intended scope." *Id.* at 526 (citing *Larsen-Ball v. Ball*, 301 S.W.3d 228, 232 (Tenn. 2010)). We seek to construe statutes "in a way that avoids conflict and facilitates harmonious operation of the law." *Id.* at 527 (citations omitted).

When the trial court awards costs, including attorney fees, pursuant to Tennessee Code Annotated section 20-12-119(c), an appellate court reviews

> the trial court's factual determination of whether litigation costs, including attorney's fees, are reasonable under an abuse of discretion standard. . . . However, apart from these specific factual determinations, the standard of review for the award of litigation costs pursuant to Tennessee Code Annotated § 20-12-119(c) is a matter of law due to the mandatory language of the statute.

*Snyder*, 2016 WL 423806, at *8.

## IV.    DISCUSSION

### A.

Here, the trial court awarded attorney fees to Defendants pursuant to Tennessee Code Annotated section 20-12-119(c), which, states in pertinent part, as follows:

(1) Notwithstanding subsection (a) or (b), in a civil proceeding, where a trial court grants a motion to dismiss pursuant to Rule 12 of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief may be granted, the court shall *award* the party or parties against whom the dismissed claims were pending at the time the successful motion to dismiss was granted the costs and reasonable and necessary attorney's fees incurred in the proceedings as a consequence of the dismissed claims by that party or parties.  The awarded costs and fees shall be paid by the party or parties whose claim or claims were dismissed as a result of the granted motion to dismiss.

(2) Costs shall include all reasonable and necessary litigation costs actually incurred due to the proceedings that resulted from the filing of the dismissed claims, including, but not limited to:

    (A) Court costs;
    (B) Attorneys' fees;
    (C) Court reporter fees;
    (D) Interpreter fees; and
    (E) Guardian ad litem fees.

(3) An *award* of costs pursuant to this subsection (c) shall be made only after all appeals of the issue of the granting of the motion to dismiss have been exhausted and if the final outcome is the granting of the motion to dismiss. The *award* of costs and attorneys' fees pursuant to this section shall be stayed until a final decision which is not subject to appeal is rendered.

(4) Notwithstanding any other provision of this section, the court shall not require a party to pay costs under this section in excess of a combined total of ten thousand dollars ($10,000) in any single lawsuit. . . .  Nothing in this section shall be construed to limit the award of costs as provided for in other sections of the code or at common law.

Tenn. Code Ann. § 20-12-119(c)(1)–(4) (emphasis added).

This Court has previously explained that section 20-12-119(c) "clearly and unambiguously requires that there be an unappealable final decision before a trial court can *award* attorney fees pursuant to the statute." *Donovan v. Hastings*, No. M2019-01396-COA-R3-CV, 2020 WL 6390134, at *3 (Tenn. Ct. App. Oct. 30, 2020), *rev'd on other grounds*, No. M2019-01396-SC-R11-CV, --- S.W.3d ---, 2022 WL 2301177 (Tenn. June 27, 2022) (emphasis added). The statute does not address when a litigant must actually request its costs that are recoverable under the statute. The statute merely dictates the point during the litigation at which the trial court shall "award" costs including attorney fees to the party who prevailed on its Rule 12.02(6) motion, namely, when "a final decision which is not subject to appeal is rendered." Tenn. Code Ann. § 20-12-119(c)(3). The statute plainly requires that the trial court's final determination of the prevailing party's costs, including attorney fees, be "stayed." *Id*. By logic, if there is no request for costs, then there can be no award for the trial court to stay pending a final decision which is not subject to appeal.

A final judgment "is one that resolves all of the parties' claims and leaves the court with nothing to adjudicate." *Ball v. McDowell*, 288 S.W.3d 833, 836–37 (Tenn. 2009); *see also*, Tenn. R. App. P. 3(a).[6] "[U]nless otherwise specified in a trial court's order, 'an order granting a motion to dismiss for failure to state a claim upon which relief can be granted under Tennessee Rule of Civil Procedure 12.02(6) is an adjudication on the merits.'" *Aylor v. Carr*, No. M2018-01836-COA-R3-CV, 2019 WL 2745625, at *4 (Tenn. Ct. App. July 1, 2019) (quoting *Creech v. Addington*, 281 S.W.3d 363, 378 (Tenn. 2009)). The parties do not dispute that the trial court's December 3, 2018, order was an adjudication on the merits and a final judgment. On appeal, Plaintiff urges that once a "final judgment has been entered and appealed, unasserted claims are forfeited and barred, no matter how indisputable the right to relief on them could have been had they been asserted in a timely manner." For their part, Defendants counter that, to promote finality of judgments and judicial economy, "motions for fees pursuant to T.C.A. 20-12-119 should not be pursued until the underlying judgment and appeals have become final."

In support of their position, Defendants cite this Court's opinions in *Donovan* and in *Irvin v. Green Wise Homes, LLC*, No. M2019-02232-COA-R3-CV, 2021 WL 709782

---

[6] Tennessee Rule of Appellate Procedure 3(a) provides:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in Rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

(Tenn. Ct. App. Feb. 24, 2021), *perm. app. denied* (Tenn. June 9, 2021). Both *Donovan* and *Irvin* are factually distinguishable from the present action. In *Donovan*, the party who ultimately won the Rule 12.02(6) motion to dismiss "requested an award of her attorney fees pursuant to Tenn. Code Ann. § 20-12-119(c)" at the time of filing the motion to dismiss. *Donovan*, 2020 WL 6390134, at *1, *rev'd on other grounds*, No. M2019-01396-SC-R11-CV, --- S.W.3d ---, 2022 WL 2301177 (Tenn. June 27, 2022). The *Donovan* trial court's order of dismissal under Rule 12.02(6), which was deemed "a final judgment under Tenn. R. Civ. P. 58" by the trial court, "did not address [the prevailing party's] request for attorney fees." *Id*. So, the prevailing party in *Donovan* reasserted her claim by filing "a motion pursuant to Tenn. Code Ann. § 20-12-119(c) seeking an award of $10,000 for her costs and attorney fees incurred prosecuting the motion to dismiss." *Id*. In *Irvin*, the parties who prevailed on their Rule 12.02(6) motions to dismiss requested attorney fees pursuant to section 20-12-119(c) at the time of filing those motions. *Irvin*, 2021 WL 709782, at *1. In short, neither *Donovan* nor *Irvin* involved parties, like Defendants here, who waited to request attorney fees pursuant to section 20-12-119(c) for the first time following remand from the appeal of the judgment of dismissal. Defendants do not cite any other caselaw to support their argument. Because of the factual and procedural differences between this action, *Donovan*, and *Irvin*, we decline further discussion of those opinions. For the reasons explained below, the doctrine of waiver and the limitations imposed on the trial court upon remand of Plaintiff's first appeal control the narrow issue presented.

A party may waive a claim for attorney fees by failing to properly pursue it. *Seaton v. Wise Properties-TN, LLC*, No. E2013-01360-COA-R3-CV, 2014 WL 1715068 (Tenn. Ct. App. Apr. 30, 2014) provides guidance on this subject. In *Seaton*, the sellers of real property sued the buyer for breach of contract. *Seaton*, 2014 WL 1715068, at *1. The buyer filed a counterclaim requesting attorney fees. *Id*. at *6. The buyer then moved for summary judgment. *Id*. at *3. The buyer's motion for summary judgment "was silent as to a claim for attorney's fees." *Id*. at *6. The trial court's order granting summary judgment "did not address the [buyer's] counterclaim for attorney's fees." *Id*. The sellers appealed to this Court. *Id*. at *1; *Seaton v. Wise Properties-TN, LLC*, No. E2011-01728-COA-R3-CV, 2012 WL 2362144, at *5 (Tenn. Ct. App. June 22, 2012). We noted that:

> Following the trial court's entry of summary judgment and prior to the [sellers'] filing a notice of appeal, [the buyer] did not file a motion to alter or amend the judgment or any other post-judgment motion regarding attorney's fees. [The buyer] filed no application for interlocutory appeal by permission under Tennessee Rule of Appellate Procedure 9 or extraordinary appeal by permission under Tennessee Rule of Appellate Procedure 10. Moreover, the trial court did not certify the order as final under Tennessee Rule of Civil

Procedure 54.02.[7]  Therefore, this Court's jurisdiction to hear the first appeal was predicated upon the finality of the trial court's summary judgment order.

*Seaton*, 2014 WL 1715068, at *6.

Following entry of this Court's opinion and judgment affirming the trial court's grant of summary judgment,[8] the sellers filed an application for permission to appeal in the Tennessee Supreme Court, which was subsequently denied. *Seaton*, 2014 WL 1715068, at *4.  "The action was then remanded to the trial court, pursuant to this Court's judgment, 'for collection of costs assessed below.'"  *Id*.  In the conclusion of this Court's opinion affirming summary judgment, the case was "remanded for any further proceedings that may be required."  *Seaton*, 2012 WL 2362144, at *8.  The buyer did not raise the attorney fee issue at all during the first appeal to this Court or in its application for permission to appeal to the Tennessee Supreme Court.  *Seaton*, 2014 WL 1715068, at *7.  Following this Court's remand to the trial court, the buyer filed a motion for an award of attorney fees and an affidavit of counsel, pursuant to a default provision of the parties' agreement.  *Id*. at *4.  After conducting a post-remand hearing, the trial court awarded the buyer attorney fees.  *Id*.  The seller appealed.  *Id*.  We concluded that the buyer "abandoned its counterclaim for attorney fees" by failing to question the finality of the summary judgment and by failing to raise the issue during the first appeal.  *Id*. at *7.  Additionally, finding that the "instruction on remand for the trial court to conduct 'any further proceedings that may be required' in enforcing the affirmed judgment and collecting costs did not authorize the trial court to reopen a claim previously abandoned by one of the parties and therefore previously settled," we held that the trial court exceeded its authority by considering the buyer's post-remand motion for attorney fees."  *Id*. at *7.  Accordingly, the trial court's award of attorney fees to the buyer was vacated.  *Id*.

The same reasoning applies here especially when, unlike the buyer in *Seaton*, Defendants *never* requested their attorney fees prior to the entry of the trial court's judgment of dismissal.  Defendants cemented their waiver by failing to raise during the appeal[9] from the underlying final judgment of dismissal the issue of whether, pursuant to section 20-12-119(c), they were entitled to an award of attorney fees incurred in the trial

---

[7] Rule 54.02 "is an exception to Rule 3 that permits the trial court, without permission from the appellate court, to certify an order as final and appealable, even if parts of the overall litigation remain pending in the trial court." *Johnson v. Nunis*, 383 S.W.3d 122, 130 (Tenn. Ct. App. 2012).

[8] *Seaton*, 2012 WL 2362144, at *8.

[9] *See Galligan v. Galligan*, No. M2006-00833-COA-R3-CV, 2007 WL 2295999, at *8 (Tenn. Ct. App. Aug. 10, 2007) ("One waives the right to appellate review concerning an issue that was not, but could have been, raised in a previous appeal.").

court.[10]  Following remand, it was too late for Defendants to move for attorney fees or otherwise introduce the issue into the litigation for the first time.  Furthermore, as in *Seaton*, considering our limited remand instructions for the "collection of the costs below," the trial court erred by hearing a claim that was never before asserted.  As previously explained:

> Once the mandate [from an appellate court] reinvests the trial court's jurisdiction over a case, the case stands in the same posture it did before the appeal except insofar as the trial court's judgment has been changed or modified by the appellate court. . . . [T]he trial court does not have the authority to modify or revise the appellate court's opinion, or to expand the proceedings beyond the remand order.  The trial court's sole responsibility is to carefully comply with directions in the appellate court's opinion.

*Freeman Indus. LLC v. Eastman Chem. Co*., 227 S.W.3d 561, 567 (Tenn. Ct. App. 2006) (citing *Earls v. Earls*, No. M1999-00035-COA-R3-CV, 2001 WL 504905, at *3 (Tenn. Ct. App. May 14, 2001)).  Here, when Plaintiff first appealed to this Court, the complaint had been dismissed in its entirety, the judgment of dismissal was final, and the case below was concluded.  Our opinion did not modify the judgment so, when the mandate issued, the case returned to the same concluded posture.

With the foregoing considerations in mind, we conclude that the trial court erred in hearing Defendants' motion for costs and fees made for the first time following the appeal from the underlying judgment of dismissal.  Therefore, we vacate the trial court's July 13, 2020 judgment awarding costs, including attorney fees, to Defendants.


## V.    CONCLUSION

The judgment of the trial court is vacated.  The case is remanded for entry of a judgment consistent with this opinion.  Costs of the appeal are taxed to the appellees, Marlene Moses and MTR Family Law, PLLC.


_____
JOHN W. McCLARTY, JUDGE

---

[10] Attorney fees incurred on appeal are not recoverable pursuant to Tennessee Code Annotated section 20-12-119.  *First Cmty. Mortg., Inc. v. Appraisal Servs. Grp., Inc*., 644 S.W.3d 354, 368 (Tenn. Ct. App. 2021), *perm. app. denied* (Tenn. Mar. 24, 2022) (holding that "Tennessee law does not provide that attorney's fees for appellate work are authorized under section 20-12-119(c) in the absence of an explicit provision providing for that relief.").